In the Matter of the Claim of NICHOLAS NEWHAM, Respondent, against CHILE EXPLORATION COMPANY, Appellant.

STATE INDUSTRIAL COMMISSION, Respondent.

**Jurisdiction — Workmen's Compensation Law — maritime contracts — injury to claimant while engaged in performance of a maritime contract — facts examined and held that claimant was so engaged — question of jurisdiction of courts cannot be waived.**

1. Where a claimant for an award for injuries, under the Workmen's Compensation Law, was engaged at the time of his injury in the performance of a maritime contract, this state does not have jurisdiction of the matter and the Workmen's Compensation Law does not apply. (*Matter of Doey* v. *Howland Co.*, 224 N. Y. 30; *Matter of Anderson* v. *Johnson Lighterage Co.*, 224 N. Y. 539; *Matter of Keator* v. *Rock Plaster Manufacturing Co.*, 224 N. Y. 540, followed.)

2. A stevedore's contract of employment is a maritime contract, and where a person, employed by a company engaged in shipping merchandise to foreign seaports, was engaged to supervise the stevedoring work of loading a vessel to see that the cargo was loaded safely with the least risk of breakage and in such a way that the merchandise could readily be reached as the ports of destination were entered and was also given charge of the lighters bringing merchandise to the vessel, to see what was on them and to determine a suitable place to put them, such employee, while not a stevedore, was performing service of such a similar nature that his employment was that of maritime service, his contract a maritime contract and, therefore, he is not entitled, for injuries received while so employed, to an award under the Workmen's Compensation Law.

3. The fact that the shipping company, the appellant, herein, agreed to bring before the appellate courts of this state solely the question of the character of the claimant's employment, does not operate as a waiver of the question of jurisdiction. No agreement, waiver or stipulation could confer on the state of New York, or its courts or commissions, jurisdiction which it does not and cannot possess.

*Matter of Newham* v. *Chile Exploration Co.*, 195 App. Div. 291, reversed.

(Argued October 6, 1921; decided October 18, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered

March 10, 1921, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

*Carroll A. Wilson, R. C. Klugescheid* and *George O. Redington* for appellant. Newham was engaged in the performance of a maritime contract when injured, and, therefore, the state industrial commission was without jurisdiction to make an award in his favor. (*Matter of Lorchitsky v. Gotham F. B. Co.*, 230 N. Y. 8; *Matter of Post v. Burger & Gohlke*, 216 N. Y. 544; *Matter of Doey v. Howland Co.*, 224 N. Y. 30; *Jacowicz v. D., L. & W. R. R.*, 87 N. J. L. 273; *Kennerson v. Thames Towboat Co.*, 89 Conn. 367; *Lavin v. Wells Brothers Co.*, 272 Ill. 609; *Pierce v. Bekins Van & Storage Co.*, 185 Ia. 134; *Dettloff v. Hammond, Standish & Co.*, 195 Mich. 117; *McRoberts v. National Zinc Co.*, 93 Kan. 364; *Gooding v. Ott*, 77 W. Va. 487.)

*Francis X. Hennessy* for claimant, respondent.

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for State Industrial Commission, respondent. The substance of Newham's contract was essentially non-maritime in the jurisdictional sense. No admiralty court could ever have had any jurisdiction over a cause of action arising out of that contract. Talbot, representative of appellant, testifies that he took Newham as an employee to watch the stowing because appellant could not do or hire any one to do the maritime work of stowing and could give no orders to those who did it. It is an absurdity for an employer, whose sole reason for making the employment contract at all was that neither it nor its employees could play any part in the maritime work of stowing, to claim that the employment contract was essentially maritime. (*Vandewater v. Mills*, 19 How. [U. S.] 82.)

CRANE, J. We have held in *Matter of Doey v. Howland Co.* (224 N. Y. 30) and in *Matter of Anderson v.*

*Johnson Lighterage Co.* (224 N. Y. 539) and in *Matter of Keator* v. *Rock Plaster Manufacturing Co.* (224 N. Y. 540) that if the employee was engaged at the time of his injury in the performance of a maritime contract the state did not have jurisdiction of the matter and the Workmen's Compensation Law did not apply. This is the deduction which we have made from the cases of *Southern Pacific Co.* v. *Jensen* (244 U. S. 205) and *Knickerbocker Ice Co.* v. *Stewart* (253 U. S. 149).

It remains, therefore, for us to determine whether or not, in this case, Newham was working under a contract of a maritime nature.

"Whatever is done to operate a ship, to aid her physically in the performance of her mission, viz., to take freight or passengers, to carry freight or passengers, to unload freight or passengers, and to preserve her while so doing, is a maritime service." (*Robinson* v. *The C. Vanderbilt*, 86 Fed. Rep. 785.)

It has been held that a stevedore's contract of employment is a maritime contract. (*Atlantic Transport Co.* v. *Imbrovek*, 225 U. S. 700.) The weighing, inspecting and measuring of the cargo of a vessel constitute maritime service. (*Constantine* v. *The River Queen*, 2 Fed. Rep. 731.) (See *Gills* v. *The Mattie May*, 47 Fed. Rep. 69.) In *De Lovio* v. *Boit* (2 Gallison's Reports, 398) Judge STORY said admiralty had jurisdiction of "all controversies respecting freight; of damages to goods shipped; of the wages of mariners; of the partition of ships by public sale; of jettison; of commissions or bailments to masters and mariners; of debts contracted by the master for the use and necessities of his ship; of agreements made by the master with merchants, or by merchants with the master; of goods found on the high seas or on the shore; of the armament or equipment of ships, galleys or other vessels; and generally of all other contracts declared in the customs of the sea."

Newham, the claimant here, while not a stevedore

was performing services of such a similar nature that his employment was that of maritime service.

The Chile Exploration Company was engaged in loading the steamship *Maipo* to carry freight to Valpariso and other ports on the western coast of South America. Patane & Company were stevedores doing the work having been employed by the captain of the ship. The ship belonged to the Chilean government and the captain was given the sole right to employ the stevedore. Arne & Company was employed by the Chile Exploration Company to do the checking and tallying of the cargoes on the dock which constituted no part of the stevedoring. The work consisted of checking the freight as it was delivered at the docks from the trucks or lighters, inspecting the packing and noting the number and quantity of the several parcels or kinds of freight. The Chile Exploration Company was naturally interested in having the freight packed safely and in such a way that it could be easily discharged at the ports in turn and further in having all the space used to its utmost carrying capacity. To accomplish these results required experience and stowage ability. The stevedore, not being the servant or contractor of the charterer, could not be expected or relied upon to consider these matters as fully as would a representative employed by the company. Arne & Company, the checker, had nothing to do with the sufficiency or safety of loading the ship. Under these circumstances Newham was employed by the Chile Exploration Company to look after these matters.

I will assume for the purpose of this point, that he was employed although the matter has been seriously disputed upon the argument of the appeal, it being claimed by the appellant that there is no evidence to show that he was an employee of the Chile Exploration Company. Assuming for the present, however, that he was, his work consisted in supervising the stevedoring

work, so as to see that the cargo was loaded safely with the least risk for breakage in transit; in such a way that the merchandise could be readily reached as the ports of destination were entered and that the utmost use was made of the space. Newham was also given charge of the lighters to see what was on them and also to determine a suitable place to put them. While he had no authority over the stevedores yet if he saw something wrong it was his duty to report the matter to Mr. Edwards of Arne & Company who in turn would report it to Mr. Talbot, officer of the defendant.

Mr. Talbot testified: "We wanted him (Newham) to oversee the work done on the steamer; in case anything was not going right that he could report it to Mr. Edwards, and Mr. Edwards could report it to us.  *  *  * We wanted the stuff looked out for, to see that none of the stuff was broken up or not properly placed in the steamer and I wanted somebody there all the time to have a report given to me if goods were broken or not properly stowed or improperly placed in the steamer and I wanted somebody there all the time that could report it to me so I could take it up with the captain of the steamer  *  *  *  a general overseeing." While Newham had no control over the ship or the cargo or the stevedores, he did have control over the lighters and was on the way to give directions regarding the removal of a lighter at the time he was hurt.

Furthermore his report regarding the placing of the freight would or could result in Talbot's direction to the captain which in turn might result in a shift of the cargo. Under all these circumstances we think that Newham's work was of a maritime nature, similar to that of a foreman of stevedores, and that what he did in the course of his employment might and could result in either safety or injury to the ship or cargo. Surely he had direction over the lighters, the handling of which might have resulted in damage to ship or cargo. The

42   People ex rel. Bass, Ratcliff, etc., *v.* Tax Comm.

[232 N. Y. 42]          Statement of case.          [Oct.,

employment of Newham was, therefore, a maritime contract and the Workmen's Compensation Law by our rulings above made does not apply.

It has been said that the appellant here has waived the question of jurisdiction by agreeing to bring before the appellate courts solely the question of Newham's employment. It is elementary that no agreement, waiver or stipulation could confer upon the state of New York or its courts or commissions, jurisdiction which it does not and cannot possess.

The order of the Appellate Division should be reversed, the award must be set aside and the claim dismissed, with costs against the state industrial commission.

Hiscock, Ch. J., Hogan, Pound, McLaughlin and Andrews, JJ., concur; Cardozo, J., not voting.

Order reversed, etc.