Memorandum. Order and final judgment affirmed, without costs.
Tenant in this summary nonpayment proceeding appeals from a final judgment of possession in favor of the landlord, and from an order denying her motion to vacate such judgment. Upon appeal, the tenant maintains that the court lacked jurisdiction over the subject matter of the proceeding because of a defect in the caption; that she was not advised by the court of her right to counsel; and that the Marshal did not allow a sufficient time to elapse before evicting her.
Upon due consideration we decline to follow those decisions which indicate that a defect in the caption naming the parties is necessarily jurisdictional (see 300 West Realty Co. v. Wood, 69 Misc 2d 580, affd. 69 Misc 2d 582). It has long been held that the requirements of the Real Property Actions and Proceedings Law, which govern the statutory remedy of summary proceed *612 ings are to be strictly construed (see Goldman Bros. v. Forester, 62 Misc 2d 812). However, it has been suggested that the term “ jurisdictional defect ” has been too loosely applied in landlord-tenant matters (see Rosgro Realty Co. v. Braynen, 70 Misc 2d 808). The applicable sections of the Real Property Actions and Proceedings Law, although authorizing the maintenance of a summary proceeding by parties other than the landlord or owner in fee (Real Property Actions and Proceedings Law, § 721), nevertheless require a specific statement in the petition delineating the interest of such party in the premises (Real Property Actions and Proceedings Law, § 741). However, the Real Property Actions and Proceedings Law nowhere sets forth the requirement of a caption nor does it regulate its contents. Therefore, we are compelled to consider those sections of the CPLR which govern petitions and captions (CPLR 402, 2101). By virtue thereof captions should be liberally construed and defects in form shall be disregarded unless demonstratively prejudicial or timely objection made (CPLR 2101; McKinney’s Prac. Comm. CPLR 2101). Accordingly, it is our opinion that a defect in the caption is not necessarily fatal. Surely, such a result is proper, where, as here, the parties and their relationships are clearly defined. In the instant matter, it is clear from the notice and the petition that the landlord is Presidential Management Company; that the petitioner, Robert W. Pruzan, is the agent of the landlord, and that the petition has been properly verified by the petitioner. The requirements of Real Property Actions and Proceedings Law (§ 741) have been met, and in view of the clear delineation of the parties and their relationship, no prejudice can accrue by reason of the inaccurate caption (CPLR 2101, subd. [f]). .
While tenant’s «argument that the Marshal evicted the tenant in violation of the regulations promulgated by the New York City Commissioner of Investigations may give rise to an action against the Marshal for damages and/or disciplinary proceedings, his actions do not affect the validity of the judgment herein involved.
Finally, it is noted that the tenant did not demonstrate that the failure of the court below to inform her of the right to counsel constituted error.
Concur — Schwartzwald, P. J., Cone and Pino, JJ.