Per Curiam.

Order dated February 20, 1976 (Nolan, J.) affirmed, with $10 costs.
Once again we call the attention of the bar to the loose usage of the terms "jurisdictional defect” or "jurisdictionally defective” in summary proceedings. Where, as here, the Civil Court has jurisdiction of the subject of the proceedings under article 7 of the Real Property Actions and Proceedings Law and jurisdiction of the person of the respondent has been obtained as provided by law, the proceeding is not "jurisdictionally defective” (Rosgro Realty Co. v Braynen, 70 Misc 2d 808, affd sub nom. Grosfeld v Braynen, 41 AD2d 605; Caton Park Assoc. v Mahoney, NYLJ, May 11, 1976, p 8, col 3). A petition in a summary proceeding is no different than a pleading in any other type of civil case. A petition which may fail to state facts sufficient to constitute a cause of action or contains other pleading infirmities is capable of correction by amendment. Such a petition does not render the proceeding jurisdictionally defective. To the extent that our decision in Cal Cal Realty Corp. v Taylor (67 Misc 2d 903) may be read to the contrary, it is no longer followed.
*123 We have examined the claimed insufficiencies in the subject petition alluded to in appellant’s brief and find them without merit. Had these arguments been made at or before the hearing in the court below, the petition could have been amended to correct the irregularities (see cases cited supra; see, also, Matter of Ferro v Lavine, 46 AD2d 313, 318).
The evidence sustains the implicit finding of the Trial Judge that appellant failed to establish its claim that tenant set the fire of September 15, 1975. The evidence also supports the findings of the Trial Judge that tenant had not abandoned the apartment, and that more than a reasonable time had expired since the fire for respondent to have restored the apartment to habitability. Furthermore, there was no administrative hearing finding petitioner-respondent to be an undesirable tenant (see Escalera v New York City Housing Auth., 425 F2d 853). Therefore, there was no proper basis for denying petitioner occupancy of the apartment and she is entitled to be restored to her right to occupancy of the apartment.
The affidavit of service in the nonpayment proceeding brought by landlord shows that it was assertedly commenced by service of the notice of petition by "Nail and Mail”. The record makes clear that this was done while tenant was not occupying the premises. This being so, the court below did not obtain personal jurisdiction of this tenant in that proceeding (150 East 73rd St. Corp. v Wehringer, NYLJ, April 17, 1975, p 2, col 4) and the Trial Judge properly vacated the final judgment and dismissed the petition in that proceeding. It is equally clear from the Trial Judge’s notation of his order on the notice of petition in that proceeding that he had consolidated the proceeding with that brought by tenant, and disposed of both proceedings at the same time.
Concur: Markowitz, P. J., Dudley and Tierney, JJ.