OPINION OF THE COURT
Seymour Schwartz, J.
After trial respondents move by order to show cause to vacate the decision of this court of January 10, 1978 (94 Misc 2d —) and to dismiss the petition for lack of subject matter jurisdiction. The proceedings primarily involved the issue of leased loft premises used in part for residential purposes and the claim that landlords required a residential certificate of occupancy and failure to secure it was an absolute defense to the collection of rent. It is tenants’ contention that the landlords’ petition is by the agent, Brundin, who also verified the petition; that pursuant to the change effected in section 721 of the Real Property Actions and Proceedings Law, effective July *313 1, 1977 (L 1977, ch 247, § 1, repealing Real Property Actions and Proceedings Law, § 721, subd 8), he had no right to do so leaving no proper party petitioner and thus a lack of subject-matter jurisdiction.
Landlords concede that Brundin was incorrectly identified as petitioner but point out that the petition both in its caption and body correctly identified the respective interests of the parties.
Tenants’ answer raised the defense of lack of subject-matter jurisdiction and reference to this defense is set forth in tenants’ attorney’s affirmation in support of the order to show cause. The defense was not raised at trial, however, but at oral argument on this motion the attorney contended that the defense was originally set forth only in relation to his clients’ position that a multiple dwelling was involved and that only after noticing the recent decision of Zisser v Bronx Cigar Corp. (91 Misc 2d 1025) did he become aware of the applicability of the recent amendment to section 721 of the Real Property Actions and Proceedings Law. The attorney for tenants at oral argument conceded personal jurisdiction, fair notice and fair trial but contends that, nevertheless, failure to have subject matter jurisdiction mandates the dismissal of the petition.
The question of what defects in a petition are serious enough to result in a jurisdictional bar denying the court subject-matter jurisdiction in a statutory proceeding ordinarily requiring strict construction continues to be troublesome. It is at odds with the liberal attitude encouraged by CPLR 104, 2001, 2101 (subd [f]), 3025 and 3026 which generally provide for correction of defects if a substantial right of a party is not prejudiced. In this regard it has been held that a petition in a summary proceeding is no different than a pleading in any other type of civil case (Jackson v New York City Housing Auth., 88 Misc 2d 121).
Also troublesome is the potential misuse of this defense. If available, it permits a party to risk the trial and if dissatisfied with the result, move to vacate for lack of subject-matter jurisdiction for this defense can be raised at any stage of the litigation, even appeal. (Matter of Deile v Boettger, 250 App Div 633; 1 Weinstein-Korn-Miller, NY Civ Prac, par 301.05.)
The reflex use of the rubric "subject-matter jurisdiction” has come under increasing criticism. It has been suggested in Presidential Mgt. Co. v Farley (78 Misc 2d 610) where the *314 court held that a defect in a caption could be cured, that it has been too loosely applied in landlord-tenant matters. And it has been said that in petitions it has been overused and abused so as to lose its original meaning. (Fitzgerald v Washington, 80 Misc 2d 861; Rosgro Realty Co. v Braynen, 70 Misc 2d 808, 810; Hirent Realty Corp. v Mosley, 64 Misc 2d 1011, 1013; Jackson v New York City Housing Auth., supra.) Also to be considered is that with the expanded jurisdiction of the Housing Court permitting tenants to initiate proceedings (CCA, § 110) the potential trap of defective pleadings is no longer set for one party only.
There is a strong presumption that in rendering a judgment the court has jurisdiction both of the person and the subject matter. (Verney v Verney, 53 AD2d 608; Matter of Spring, 280 App Div 642.) Section 10 of the Restatement of Judgments holds that the judgment of a court having jurisdiction over the parties to an action should generally not be vulnerable to attack for want of subject-matter jurisdiction.
In determining whether a defect in a petition may be amended or is subject to waiver or estoppel, the preliminary question is whether the court has jurisdiction over this type of case, not whether it has jurisdiction over this particular case. The Court of Appeals lucidly set forth this important distinction in Matter of Rougeron (17 NY2d 264, 271): "It is the rule that subject-matter jurisdiction otherwise nonexistent may not come into being through waiver or estoppel (Matter of Newham v. Chile Exploration Co., 232 N. Y., 37). However, there is a well-settled exception or proviso that this does not apply when the court had jurisdiction of the general subject matter but a contention is made after judgment that the court did not have power to act in the particular case or as to a particular question in the case (Moore v. McAllister, 216 Md. 497; Taylor Coal Co. v. Industrial Comm., 301 Ill. 381; Lambert v. Yellowley, 4 F. 2d 915; United States v. Ellison, 74 F. 2d 864). In other words the rule that subject-matter jurisdiction cannot be born of waiver, consent or estoppel has to do with those cases only where the court has not been given any power to do anything at all in such a case, as where a tribunal vested with civil competence attempts to convict a citizen of a crime. In other words, 'subject matter’ does not mean 'this case’ but 'this kind of case’ (cf. Matter of Newham v. Chile Exploration Co., 232 N. Y. 37, 42, supra).”
Judged by this standard this court had jurisdiction over this *315 type of landlord-tenant proceeding. The petition gave fair notice of the interest of the parties, the type of proceeding, the relief sought and there was a fair trial. Tenants waived any defense of lack of subject-matter jurisdiction by proceeding to trial and failing to raise the issue until after the court made its decision.
In a scholarly and exhaustive note, "Filling the Void: Judicial Power and Jurisdictional Attacks on Judgments” (87 Yale LJ 164), the author concludes that the doctrine’s historical justifications are no longer persuasive and that the only legitimate criterion for validity of a judgment is whether the proceeding leading to its entry comported with due process, not whether there is subject-matter jurisdiction.
Nor may the defense of lack of legal capacity to sue (CPLR 3211, subd [a], par 3) be now raised since it is waived unless raised by motion to dismiss or in the responsive pleadings (CPLR 3211, subd [e]).
Zisser v Bronx Cigar Corp. (91 Misc 2d 1025, supra) is not in conflict since there the defense of lack of jurisdiction was raised at trial. In 300 West Realty Co. v Wood (69 Misc 2d 580) a consent judgment was subsequently attacked by tenant. The landlord had failed to set forth its entity, individual, partnership or corporation and failed to submit a petition. Insofar as that case may be inconsistent with this ruling the court chooses to follow the analysis set forth here.
Motion denied. Stay vacated.