OPINION OF THE COURT
Michael Feinberg, J.
In this nonpayment summary proceeding, respondent tenant appeared without counsel and consented to the entry of a final judgment for possession by the court on August 3, 1983 for rent owed through July, 1983 in the amount of $955.38. Said amount was never paid by tenant. After receiving a 72-hour notice of eviction on September 12, 1983, respondent obtained an order to show cause and was directed to make a deposit into court. On the September 20, 1983 return date, said motion was denied by the Honorable Diane Gasworth due to respondent’s failure to comply with the deposit requirement and it was further ordered that no further 72-hour notice need be given prior to eviction.
Following said order of the Honorable Diane Gasworth, respondent, with the assistance of counsel from Legal Aid, obtained a second order to show cause dated September 27, 1983, which sought permission to allow respondent to *835 proceed as a poor person on the appeal from the September 20, 1983 order of Judge Gasworth, a stay of the petitioner landlord and marshal from executing the warrant of eviction pending said appeal, or in the alternative, vacating the final judgment and warrant of eviction and dismissing this proceeding or permitting respondent tenant to have a new trial or in the alternative, requiring proper service of a new 72-hour notice of eviction.
In her supporting affidavit, respondent stated that she was served with the notice of petition, petition and 72-hour notice of eviction by regular and certified mail only and that petitioner violated its warranty of habitability by failing to do repairs upon the subject premises. It should be noted that in this order to show cause, brought on with the advice of counsel, respondent failed to allege that petitioner had not made a legal rent demand nor was it alleged that the court lacked subject matter jurisdiction. On September 27, 1983 respondent was evicted.
On October 4, 1983, another order to show cause was brought by respondent seeking restoration to possession of the subject premises, the joining of “Richard Roe” and “Mary Roe” as party respondents, and the return of respondent’s personal property by the New York City Department of Sanitation as well as the payment by petitioner of any fees of said department, or in the alternative staying the New York City Department of Sanitation from disposing of the personal property of respondent pending appeal of the September 20, 1983 order.
In the affidavit supporting said order to show cause, respondent again failed to allege that the court lacked subject matter jurisdiction or that a proper demand for rent had not been made. However, on the October 6, 1983 return date, respondent submitted a supplemental affidavit in support of her September 27, 1983 and October 4, 1983 orders to show cause which, for the first time since the commencement of these proceedings, alleged that a legal demand for the rent owed had not been made and that, therefore, the court lacks subject matter jurisdiction.
The court notes that the respondent did not allege that the prior stipulations or the judgment entered into were either unfair, burdensome or obtained as a result of fraud, *836 misrepresentation or other misconduct. Respondent also fails to set forth a reason upon which she seeks vacatur of the final judgment.
Regarding the issue of service, respondent alleged in her second order to show cause, dated September 27,1983, that the court lacked jurisdiction over the person of respondent due to improper service of the notice of petition and petition. The court finds that respondent waived said defense by failing to assert same in her answer or first order to show cause. CPLR 3211 (subd [e]), which is applicable to proceedings in the Civil Court under CCA 1002, provides in substance that any objection based upon lack of in personam jurisdiction is waived if not raised in the responsive pleading or by motion prior to answer.
Regarding respondent’s allegation of improper service of the 72-hour notice, the court finds that this does not affect the outcome of the proceedings herein. The courts have held that the validity of a judgment is not affected by a question of proper service or execution of 72-hour notice. (Presidential Mgt. Co. v Farley, 78 Misc 2d 610; Gabe Equities v Johnson, NYLJ, Dec. 6, 1982, p 13, col 6.) Therefore, the court holds that the final judgment, entered by the court with the respondent’s consent, is valid.
Accordingly, the remaining issue before the court is whether the failure to make a legal demand for rent is a subject matter jurisdictional defect which may be raised at any time or whether it is waived if not set forth prior to the issuance of a consent judgment, numerous court appearances and the execution of a warrant of eviction
Under RPAPL 711 (subd 2), prior to commencing a summary proceeding to recover possession of real property where a tenant has defaulted in payment of rent, a landlord must demand the rent of the tenant or serve a written demand giving at least three days’ notice requiring either payment of the rent or the tenant’s returning possession of the premises to the landlord. Respondent herein contends that the statute creates a condition precedent to the commencement of a summary proceeding and that the failure to make a legally sufficient demand mandates dismissal of the proceeding. Petitioner contends that the question of subject matter jurisdiction was asserted merely to under *837 mine the validity of the final judgment and subsequent eviction and solely as a result of the respondent’s inability to pay the amount of rent owed.
The court finds that the often used and frequently misused defense of lack of subject matter jurisdiction cannot be applied in a technical maneuver to defeat the rights of the landlord. In determining whether a court has subject matter jurisdiction, the question to be resolved is whether the court has jurisdiction over the “type” of case, not whether it has jurisdiction over “this particular” case. Where the Civil Court has jurisdiction over the subject matter of the proceeding and jurisdiction over the persons of respondents has been obtained, the proceeding is not jurisdictionally defective. (Hunt v Hunt, 72 NY 217; Matter of Rougeron, 17 NY2d 264; Jackson v New York City Housing Auth., 88 Misc 2d 121; McClelland v Robinson, 94 Misc 2d 312.) The Restatement, Judgments (§ 10), holds that the judgment of a court having jurisdiction over the parties to an action should generally not be vulnerable to attack for lack of subject matter jurisdiction.
Following these guidelines to determine the existence of subject matter jurisdiction, the court in the instant matter, holds that it does indeed have jurisdiction over this type of landlord-tenant proceeding. A proper demand must fairly afford notice to the tenant of the approximate sum of rent due and of the particular period for which such claim is made. (Schwartz v Weiss-Newell, 87 Misc 2d 558.) The court finds that respondent, by agreeing to the entry of a consent judgment, and by appearing numerous times in court with orders to show cause, was fairly apprised of the amount due and owing to the landlord. Accordingly, at this time in the proceedings, respondent may not be permitted to assert that a condition precedent to the institution of a nonpayment summary proceeding has not been fulfilled. Respondent has waived the defense of lack of subject matter jurisdiction by her active participation in the proceedings and by failing to raise said issue until her posteviction retention of counsel.
The courts have dealt with similar circumstances in landlord-tenant proceedings. In McClelland v Robinson (94 Misc 2d 312), the court held that by proceeding to trial and *838 failing to raise the issue, of lack of subject matter jurisdiction arising out of the fact that the petition was filed by the landlord’s agent rather than by the landlords, the tenants waived said defense. In McClelland (supra, p 313) it was pointed out that the “reflex use” of the defense of subject matter jurisdiction is potentially troublesome when utilized by a party who, dissatisfied with the result of a trial, moves to vacate for lack of subject matter jurisdiction since said defense can be raised at any stage of the litigation, even on appeal. Although in the case at bar, a trial did not take place, there was a final judgment issued by the court and entered into with the consent of the tenant herein. This court agrees with the McClelland reasoning and seeks to stem the increasing tide of cases in which an easy “exit” is available to dissatisfied litigants.
The court analogizes the situation herein to cases in which tenants have waived defects in the service of the 30-day notice terminating tenancy by failing to question the jurisdiction of the court, appearing generally in the proceeding, and asking for time within which to vacate the premises. (D’Agostino v Bernabel, 269 App Div 853.) The statute which creates the requirement that a 30-day notice must be served upon the tenant provides a condition precedent for the benefit of the tenant which must be satisfied before the landlord can use the remedy which the Legislature has made available to him. Since said condition is created solely for the benefit of the tenant, the tenant has a right to waive it, and does so when his conduct and responses are solely those of compliance, rather than repudiation.
Similarly, the court takes note of those cases in which a 90-day notice of claim must be served upon the City of New York within 90 days after a claim arises. Service of said 90-day notice is a condition precedent to the institution of a proceeding against the City of New York, just as respondent alleges that a proper rent demand is a condition precedent to the commencement of a nonpayment proceeding. When a notice of claim requirement is statutorily imposed, it is usually deemed an element of the substantive cause of action and, as such, its satisfaction must be pleaded in the complaint. However, if the responsive pleading fails to deny a material allegation of the complaint, *839 said failure to refute is equivalent to an admission. (Mussinan v Willner Wood Co., 69 App Div 448; Corn v Levy, 97 App Div 48.) Similarly, an affirmative defense, if not raised in the pleading, is deemed waived. (De Lisa v Amica Mut. Ins. Co., 59 AD2d 380; CPLR 3018, subd [b].) Accordingly, and in the same fashion, the court in the instant case finds that failure to allege noncompliance with the condition precedent set forth in RPAPL 711 (subd 2) results in a waiver of that defense.
As to the alternative relief requested by respondent, the court cannot grant respondent the right to proceed as a poor person on any appeal. Leave to appeal as a poor person must be made to the appellate tribunal in which appeal is to be taken. (2 Weinstein-Korn-Miller, NY Civ Prac, par 1101.2.) Respondent may, if so advised, file notice of appeal pursuant to the CPLR within the appropriate time limit set forth. Respondent’s motion for a continuance of a stay against the petitioner is denied. Respondent’s motion for a continuance of a stay against the New York City Department of Sanitation is granted pending hearing and determination of any appeal and/or respondent’s voluntary retaking of the property from said department. A copy of this order shall be served upon the appropriate New York City Department of Sanitation representatives within seven days from date of entry of this order.