OPINION OF THE COURT
Edward H. Lehner, J.
Before the court is respondent’s motion to dismiss pursuant to CPLR 3211 (a) (2) and (7) because the petition fails to specify facts which support the allegation that the premises are subject to the Rent Stabilization Law. Although 22 NYCRR 2900.21 (e) requires that the petition allege the basis for coverage, the court holds that, under modern pleading rules, such failure is not jurisdictional and the petition may be appropriately amended at trial.
In Weiner v Zimmerman (NYLJ, July 6, 1983, p 6, col 2 [App Term, 1st Dept]), the petition misstated the regulatory history of the subject apartment. In reversing a dismissal, the court ruled (p 6, col 2) that in “the absence of any demonstrable prejudice to the tenant, landlord should have been permitted to conform the petition to the proof and correct the pleading infirmity”. (See also, Jackson v New York City Housing Auth., 88 Misc 2d 121 [App Term, 1st Dept]; Little Ferry Assoc. v Diaz, NYLJ, Jan. 12, 1981, p 12, col 1 [App Term, 1st Dept].) In the latter case the court said (p 12, col 2): “A summary proceeding is not jurisdictionally defective so long as the court had jurisdiction of the subject matter in accordance with RPAPL article 7 and jurisdiction over the person by dint of proper service”.
*180 In support of dismissal, respondent cites Giannini v Stuart (6 AD2d 418 [1st Dept 1958]). There the landlord alleged that the premises were decontrolled, but the basis therefor was not specified. The court (p 420), in dismissing the petition as “jurisdictionally defective”, indicated that “decontrol may rest upon any one of several statutorily specified conditions”, and that a tenant “is entitled to a concise statement of the ultimate facts * * * so that the issues *** can be met.”
Although criticized (Birchwood Towers #2 Assoc, v Schwartz, 98 AD2d 699, 700 [2d Dept 1983]), Giannini (supra) has never been overruled. However, it would appear that later decisions of the Court of Appeals on subject matter jurisdiction have resulted in our Appellate Term adopting the foregoing liberal view on amendments of petitions, which the court finds to be the governing principle in this department. For example, in commenting on the “improper use of the term jurisdiction,” the Court of Appeals in Thrasher v United States Liab. Ins. Co. (19 NY2d 159 [1967]) quoted approvingly (p 166) language that specified that “[s]ubject matter jurisdiction” is the “ ‘power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case’ ”.
In any event, Giannini (supra) can be distinguished on the facts. There the landlord was claiming exemption from rent regulation, while here the landlord pleaded that it is subject to the Rent Stabilization Law, but failed to state the basis for coverage. Thus, in the former there was placed in issue the right of the tenant to the protection of the rent laws, while here there is no apparent dispute as to coverage. Consequently, no prejudice has been demonstrated.
In view of the above, the motion to dismiss is denied.