*126 OPINION OF THE COURT
Stuart C. Cohen, J.
Petitioner, the New York County District Attorney’s office, commenced this summary proceeding pursuant to RPAPL 715 and 721 (8), seeking to remove respondent tenants from possession of the subject premises on the ground that the premises are used for an illegal trade or business, to wit, the possession and sale of illegal drugs. (RPAPL 711 [5].) The petition names Bill Oquendo and Rachel Oquendo as the tenants of the apartment and "John and Jane Doe No. 1 through 10” as subtenants. The petition also names as a respondent the New York City Housing Authority, the owner of the premises.
The petition was returnable on February 16, 1990, and on that date, respondents appeared pro se. Respondents were given time to obtain counsel and the matter was set down for trial on February 23, 1990. On the trial date, respondents appeared with counsel who served this motion to dismiss the petition. Respondents allege that the proceeding must be dismissed on the grounds that the court lacks both personal and subject matter jurisdiction, or in the alternative, respondents seek leave to file a written answer with a jury demand and a demand for a verified bill of particulars.
(a) Respondents object to personal jurisdiction claiming that petitioner failed to either name or serve known legal residents of the subject premises, specifically, the children and grandchildren of the tenants named in the lease.
The Federal residential monthly lease agreement to the subject premises was entered into by respondents Bill Oquendo and Rachel Oquendo. These two respondents were named in the petition and they do not deny that they were personally served with process.
The petition also names "John and Jane Doe No. 1 through 10” as subtenants or occupants of the apartment. The affidavit of service states that one copy of the petition and notice of petition were served on these subtenants or occupants. Respondents’ attorney submits that these other parties are the children and grandchildren of Bill and Rachel Oquendo, and that they are necessary parties who should have been named in the petition and served with process. Petitioner alleges that these other persons are undertenants and therefore, they are not necessary parties. (Citing Teachers Coll. v Wolterding, 77 Misc 2d 81 [App Term, 1st Dept].)
*127 The affidavits submitted by respondents Nelson, Alexis and Ramon Oquendo allege that they are the children of Bill and Rachel Oquendo. These affidavits further allege that "Three (3) generations of our family live at our home at 100 Pitt Street, Apt. No. IB, New York, New York.” Nelson and Ramon Oquendo allege that they are over the age of 21.
Based upon this unrebutted evidence presented by respondents, it is clear that Bill and Rachel Oquendo have not entered into any tenant-subtenant relationship with their children. The evidence demonstrates that all parties reside in the apartment with Bill and Rachel Oquendo as an incident to the family relationship. (61 Jane St Assn. v Kroll, NYLJ, Mar. 15, 1983, at 10, col 4 [App Term, 1st Dept].) However, since it is conceded that these other occupants are the children and grandchildren of Bill and Rachel Oquendo, and live together in the subject apartment with Bill and Rachel Oquendo, these parties can be removed under a warrant of dispossession although none of them are made parties to the summary proceeding. The spouse of a tenant as well as the tenant’s children, grandchildren, servants, boarders and guests who live with the tenant, and who are not subtenants, can all be removed under a warrant of dispossession, though none of them is made a party to the summary proceeding brought against the tenant. None of these occupants is either a necessary or a proper party to the summary proceeding. (Croft v King, 8 Daly 265; Fults v Munro, 202 NY 34; 2 Rasch, New York Landlord & Tenant — Summary Proceedings § 38:32, at 615 [3d ed].) Therefore, the children of Bill and Rachel Oquendo are neither necessary nor proper parties to this summary proceeding. Accordingly, the motion to dismiss on the ground that petitioner failed to either name or serve known legal residents to the subject premises is denied.
(b) Respondents next move to dismiss on the ground that this court lacks subject matter jurisdiction over this proceeding.
Subject matter jurisdiction refers to the power of the court to hear the kind of case that is presently before it for adjudication (Matter of Newham v Chile Exploration Co., 232 NY 37; Matter of Rougeron, 17 NY2d 264; Thrasher v United States Liab. Ins. Co., 19 NY2d 159; Hunt v Hunt, 72 NY 217). Whether a court has subject matter jurisdiction is determined by the Constitution, statutes and (occasionally) the rules which confer jurisdiction. (Siegel, Practice Commentaries, Me- *128 Kinney’s Cons Laws of NY, Book 7B, CPLR 3211, C3211:ll, at 17), and not by the particular facts of any case. (Hunt v Hunt, supra.) The question to be resolved is whether the court has jurisdiction over the "type” of case, not whether it has jurisdiction over "this particular” case. (1890 Realty Co. v Ford, 121 Misc 2d 834; Treiman, Subject Matter Jurisdiction in Summary Proceedings, NYLJ, Mar. 2, 1990, at 1, col 1; Hunt v Hunt, supra.)
Under section 15 (b) of article VI of the NY State Constitution, the Civil Court of the City of New York has jurisdiction over summary proceedings to recover possession of real property (RPAPL 701; CCA 204). Therefore, this court has subject matter jurisdiction over this proceeding. An examination of the objections raised by respondents which, it is alleged, deprive the court of subject matter jurisdiction, demonstrates that respondents confuse the court’s competence to entertain a summary eviction proceeding with the court’s ability to render a judgment on the merits of this particular case. (Lacks v Lacks, 41 NY2d 71; Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166, supra; Treiman, Subject Matter Jurisdiction in Summary Proceedings, op. cit.)
(c) Pursuant to their objection to subject matter jurisdiction, respondents first allege that the petition is defective because petitioner failed to allege the status of the subject premises with respect to the local rent control laws. An examination of the petition reveals that it contains no allegations whatsoever as to the status of the premises. Respondents submit that the premises are not subject to rent control or rent stabilization but rather Federal regulation.
The failure to allege the control status of the premises is not a "jurisdictional defect.” A proceeding is not jurisdiction-ally defective so long as the court has jurisdiction over the subject matter of the proceeding pursuant to RPAPL article 7 and jurisdiction over the person by dint of proper service. (Jackson v New York City Horn. Auth., 88 Misc 2d 121 [App Term, 1st Dept]; Weiner v Zimmerman, NYLJ, July 6, 1983, at 6, col 2 [App Term, 1st Dept].) Where the regulatory history of the premises is omitted or misstated, the landlord should be permitted to conform the pleadings to the proof in the absence of any prejudice to the tenant. (Weiner v Zimmerman, supra.) Respondents have made no allegation that they are prejudiced by any omission. Additionally, in 215-219 Union Ave. Assn. v Miller (134 Misc 2d 507), the court held that it is not a jurisdictional requirement to recite in the petition that the *129 tenant is a section 8 tenant (42 USC § 1437f) and that there is compliance with Federal regulations reasoning: "HUD section 8 tenants * * * know whether they are section 8 or not. They have entered into an agreement with the local agency or HUD and so there is no guessing as to the landlord’s position.”
Accordingly, since there is no demonstration of any prejudice, and since respondents concede that the premises are subject to Federal regulation, the court will permit petitioner to amend the petition at trial to specify the regulatory status of the premises (Southcroft Co. v Konopko, 128 Misc 2d 179).
(d) Respondents next allege that they cannot be evicted unless and until the tenant is afforded an administrative hearing according to the specifically prescribed due process requirements set forth in Escalera v New York City Hous. Auth. (425 F2d 853 [2d Cir 1970]). This argument is without merit.
Escalera (supra) involved a class action which challenged the constitutionality of procedures used by the New York City Housing Authority to terminate the tenancy of its residents. The challenged procedures included a summary notice which did not give tenants advance notice of all items which might be considered against them, a conference with a project manager who did not divulge all entries in the tenant’s file — some of which may influence the decision to terminate the tenancy —denying the tenants access to their files, and the denial of the opportunity to confront and cross-examine persons who supplied evidence. If after such procedures the Housing Authority decided to terminate the tenancy, a holdover proceeding would be commenced in the Civil Court. The only issue in such proceeding would be the validity of the notice to terminate under the lease, and the Housing Authority’s determination of the tenant’s "non-desirability [could] not be put in question.” (Escalera v New York City Hous. Auth., supra, at 858.) The District Court dismissed the challenge but the Circuit Court reversed and held that the government cannot deprive a citizen of his continued tenancy in a public housing project without providing him adequate procedural safeguards, and the procedures followed by the Housing Authority were inadequate because they deprived the tenants of adequate notice, the opportunity to challenge and rebut the evidence presented, and the opportunity to confront and cross-examine persons who supplied evidence.
Escalera (supra) stands for the proposition that a tenant *130 cannot be evicted from public housing unless the tenant is afforded adequate procedural protections. The Escalera case does not, however, hold that an administrative hearing must be conducted. There is no requirement that the Housing Authority must be the forum in which the tenant is afforded procedural protections prior to being evicted. All procedural guarantees such as proper notice, access to information upon which any decision is based, the right to confront and cross-examine witnesses, and the opportunity to present evidence can and will be afforded to respondents in the hearing before this court. (Matter of Sherman v Kopach, 75 Misc 2d 18; Tompkins Sq. Neighbors v Zaragoza, 68 Misc 2d 103; Matter of Johnson v White Plains Urban Renewal Agency, 65 Misc 2d 239; Thorpe v Housing Auth., 393 US 268.)
Therefore, the court holds that under Escalera (supra), respondents have no constitutional right to an administrative hearing if they will be afforded due process protections in a proceeding before this court.
(e) Respondents next claim that the petition must be dismissed because respondent has not been served with a 30-day notice.
An illegal use proceeding commenced under RPAPL 711 (5) is not a holdover proceeding so there is no requirement to serve a statutory termination notice. Also, since the lease is deemed void pursuant to Real Property Law § 231 (1), the covenants in the lease which relate to the service of preliminary notices have no probative effect. (Murphy v Relaxation Plus Commodore, 83 Misc 2d 838 [App Term, 1st Dept]; 2 Rasch, New York Landlord & Tenant — Summary Proceedings § 34:2, at 528 [3d ed].) The cases cited by respondents to the contrary are distinguishable because they deal with rent-stabilized tenancies. By respondents’ own admission, the subject premises are not rent stabilized. Accordingly, respondents’ motion to dismiss on this ground is denied.
(f) Respondents next contend that the petition fails to state a cause of action. It is alleged that no facts are set forth to substantiate the allegation of any sale of a controlled substance in the premises or any illegal trade or other illegal business.
In a motion to dismiss on the ground that the petition fails to state a cause of action, every fact alleged in the petition is assumed to be true and the petition is liberally construed in petitioner’s favor (Barr v Wackman, 36 NY2d 371, 375; How *131 ard Stores Corp. v Pope, 1 NY2d 110, 114). The petition will be upheld if it states in some recognizable form a cause of action known to law. (Clevenger v Baker Voorhis & Co., 8 NY2d 187, mot to dismiss appeal denied 9 NY2d 775.) The prospect of petitioner’s success is not a factor to be considered. (O’Henry’s Film Works v Nabisco, Inc., 112 AD2d 825; People v Penn Cent. Co., 33 AD2d 860.) These liberal rules of pleading are also applicable in summary proceedings. The sufficiency of the allegations in the petition will depend upon whether or not considered as a whole, and construed liberally, it is sufficiently particular to give notice to the court and litigants of the transactions intended to be proved and the material elements of each cause of action, so as to enable the court to control the case and the adversary to prepare a defense (3 Rasch, New York Landlord and Tenant — Summary Proceedings § 41:24, at 34 [3d ed]; Foley v D’Agostino, 21 AD2d 60).
Based upon these liberal rules of pleading, the petition states sufficient facts to state a cause of action under RPAPL 711 (5). Paragraph 7 of the petition states that respondents “have been using and occupying the subject premises unlawfully and for an illegal trade or business, to wit, the possession and sale of controlled substances”. Paragraph 8 of the petition then specifies that respondents Bill and Rachel Oquendo were arrested inside the subject premises, the police recovered 73 tinfoil packets of cocaine, plastic bags containing cocaine and heroin, and 212 glassine envelopes each containing heroin. The police also found a .32 calibre semiautomatic pistol, live ammunition, alleged drug records, a rubber stamp containing the words “Block Buster” and $4,445 in cash.
These allegations are more than sufficient to state a cause of action under RPAPL 711 (5). These allegations are also sufficient to give notice to the court so that it can control the case and notice to respondents so that they can prepare a defense. Whether petitioner will succeed on the merits is not a factor to be considered.
Based upon the foregoing, respondents’ motion to dismiss is, in all respects, denied.
(g) Respondents’ motion for leave to interpose an answer is granted. Respondents’ answer shall be served within five days.
(h) Respondents’ motion for leave to file a demand for a trial by jury is granted. Respondents did not knowingly waive their right to a jury trial when they first appeared in this proceeding without counsel. Additionally, due to the fact that the *132 delay was very brief and since petitioner has neither demonstrated nor alleged that any prejudice will result, the court will relieve respondents of their failure to timely file its demand. (CCA 1303 [c].)
(i) Respondents’ motion for leave to serve a demand for a bill of particulars is denied with leave to renew upon the submission of the copy of the demand intended to be served.
Respondents are to pay the appropriate jury fee forthwith. The parties shall appear on April 4, 1990 at 9:30 a.m. in room 419 for jury selection and trial.