Capital 2000, LLC, Respondent, 
against
Wayne Tatum, Appellant, -and- "JANE DOE" and "JOHN DOE", Occupants.



Appeal from an order of the Civil Court of the City of New York, Queens County (John S. Lansden, J.), entered February 10, 2015. The order denied a motion by Wayne Tatum to be restored to possession.




ORDERED that the order is affirmed, without costs.
In this licensee summary proceeding (RPAPL 713 [7]), a stipulation of settlement was executed on November 5, 2014, in which it was agreed, among other things, that petitioner would be awarded a final judgment of possession, that the issuance of the warrant would be stayed until December 31, 2014, and that, upon a default, the warrant could be executed upon service of a marshal's notice. No motion was made to vacate the stipulation. After being evicted on February 4, 2015, Wayne Tatum moved to be restored to possession, arguing that he had not been served properly with a marshal's notice and that he not been afforded 72 hours' notice before he had been evicted from the premises. The Civil Court denied the motion.
We affirm. The failure to properly serve the 72-hour notice does not affect the validity of the final judgment, which Tatum never moved to vacate, and affords no basis for granting Tatum's motion to be restored, as he was required to vacate by December 31, 2014 and failed to do so (see 789 St. Marks Realty Corp. v Waldron, 46 Misc 3d 138[A], 2015 NY Slip Op 50073[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Graham v Moore, 10 Misc 3d 133[A], 2005 NY Slip Op 52087[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]; Presidential Mgt. Co. v Farley, 78 Misc 2d 610 [App Term, 2d Dept, 2d & 11th Jud Dists 1974]).
Accordingly, the order is affirmed.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 13, 2016