Molinelli v Goulbourne-Fontan (2021 NY Slip Op 50088(U))

[*1]

Molinelli v Goulbourne-Fontan

2021 NY Slip Op 50088(U) [70 Misc 3d 139(A)]

Decided on February 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1490 K C

Arthur Molinelli, Respondent,
against
Carlene Goulbourne-Fontan, Appellant. 

Carlene Goulbourne-Fontan, appellant pro se.
Benjamin Meskin, for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Kenneth T.
Barany, J.), dated August 28, 2019. The order denied tenant's motion to, in effect, vacate a
stipulation of settlement and the final judgment entered pursuant thereto, and to restore her to
possession in a holdover summary proceeding.

ORDERED that the order is affirmed, without costs.
Landlord commenced this residential holdover proceeding in January 2019, alleging that
tenant was a month-to-month tenant pursuant to an oral agreement, that the subject apartment is
not rent regulated, and that landlord had served a 30-day notice. Tenant, unrepresented by
counsel, entered into a stipulation of settlement with landlord in March 2019, which provided,
among other things, for the entry of a final judgment of possession in landlord's favor and that
execution of the warrant would be stayed to and including July 1, 2019. Tenant was evicted in
July 2019 and, on the same day, brought an order to show cause, in effect, to vacate the
stipulation of settlement and the final judgment entered pursuant thereto, and to be restored to
possession. The Civil Court denied tenant's motion.
Settlement stipulations are favored and will not be undone absent proof that the stipulation
was obtained by fraud, collusion, mistake, accident or other ground sufficient to invalidate a
contract (see e.g. Hallock v State of New York, 64 NY2d 224 [1984]; Matter of
Frutiger, 29 NY2d 143 [1971]). Since tenant has not demonstrated any of these grounds, or
that the stipulation was entered into "inadvertently, unadvisably or improvidently" (Matter of
Frutiger, 29 NY2d at 150 [internal quotation marks omitted]), the Civil Court properly
denied the branch of tenant's motion seeking to vacate the stipulation of settlement. Similarly, the
Civil Court did not improvidently exercise its discretion in denying the branch of tenant's motion
seeking to be restored to possession, as tenant did not demonstrate a basis for this relief.
We note that, under the circumstances, the alleged failure to properly serve a 72-hour
marshal's notice would not affect the validity of a final judgment, and it affords no basis for
granting tenant's motion to be restored, as she was required to vacate by July 1, 2019 and failed
to do so (see 789 St. Marks Realty Corp.
v Waldron, 46 Misc 3d 138[A], 2015 NY Slip Op 50073[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2015]; Graham v Moore, 10 Misc 3d 133[A], 2005 NY Slip Op 52087[U]
[App Term, 2d Dept, 2d & 11th Jud Dists 2005]; Presidential Mgt. Co. v Farley, 78
Misc 2d 610 [App Term, 2d Dept, 2d & 11th Jud Dists 1974]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 5, 2021