179 St Realty LLC v Morales (2024 NY Slip Op 50624(U))

[*1]

179 St Realty LLC v Morales

2024 NY Slip Op 50624(U)

Decided on May 23, 2024

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through May 29, 2024; it will not be published in the printed Official Reports.

Decided on May 23, 2024
Civil Court of the City of New York, Queens County

179 St Realty LLC, Petitioner,

against
Edulio Morales, THELMA FLORINDA MORALES, "JOHN DOE", "JANE DOE", Respondents.

Index No. L&T 309687/23

Francis E. Lim
Novick Edelstein Pomerantz, P.C.
Yonkers, NY 
Attorneys for petitioner
Julia McNally, Esq.
Sateesh Nori, Esq.
The Legal Aid Society
Kew Gardens, NY
Attorneys for respondent Edulio Morales

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent Edulio Morales' order to show cause to vacate the October 6, 2023 stipulation of settlement and to dismiss, and petitioner's cross-motion to amend the pleadings pursuant to CPLR §§ 2001 and 3025(b):
Papers Numbered
Order to Show Cause and All Documents Annexed (NYSCEF No.7-13)
Notice of Cross-Motion and All Documents Annexed 2 (NYSCEF #17-20)
Affirmation in Opposition (to Cross-Motion) 3 (NYSCEF #21)
Affirmation in Reply (to Cross-Motion) 4 (NYSCEF #22-23)
Upon the foregoing cited papers, the decision and order on respondent's motion to vacate the stipulation and to dismiss and petitioner's cross-motion to amend the pleadings (consolidated for determination herein) is as follows.
PROCEDURAL HISTORY
This summary holdover proceeding, filed in June 2022, is predicated upon an allegation that respondents Edulio Morales and Thelma Florinda Morales entered into possession of the [*2]subject premises as an incident of their employment, which was terminated on December 31, 2022. On October 6, 2023, respondent Edulio Morales (hereinafter "respondent") appeared pro se and entered into a stipulation of settlement with petitioner whereby he consented to a judgment of possession and agreed to vacate by December 31, 2023. 
Thereafter, on November 7, 2023, respondent, represented by The Legal Aid Society, filed an order to show cause seeking vacatur of the October 6, 2023 stipulation of settlement and dismissal of the proceeding on the bases that the subject premises was misdescribed in the petition and that the notice of petition and petition were not properly served. Petitioner opposed the order to show cause and filed a cross-motion to amend the pleadings to reflect the description of the subject premises as "Left side Apartment in the Basement" in place of "Apartment Basement." After briefing, the court heard argument on both motions on May 15, 2024 and reserved decision.
RESPONDENT'S MOTION
The court will first address respondent's request to vacate the stipulation of settlement. It is well established that "[s]tipulations of settlement are favored by the courts and not lightly cast aside." Hallock v. State of New York, 64 NY2d 224, 230 [1984]. Generally, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation[.]" Id. at 230 [citing Matter of Frutiger, 29 NY2d 143, 149-150 [1971]]. However, the Court of Appeals has also recognized that a court may vacate a stipulation where it has been entered "inadvertently, inadvisably or improvidently" such that it took the case "out of the due and ordinary course of proceeding in the action, and in so doing may work to [a party's] prejudice." Matter of Frutiger, 29 NY2d at 150; see also Molinelli v. Gouldbourne-Fontan, 70 Misc 3d 139[A], 2021 NY Slip Op 50088[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021].
Respondent asserts that the stipulation should be vacated because he waived a "complete defense," namely the misdescription of the subject premises in the pleadings. Respondent states in an affidavit that he lives in "unit 1F," which is one of two apartments in the basement, the other being "unit 5B." He further states that unit 5B is occupied by the current superintendent of the subject building. As the petition described the subject premises as "Apartment Basement," respondent argues that the description is inaccurate and would lead to confusion if the marshal attempted to carry out an eviction. Respondent also states in this affidavit that the notice of petition and petition were improperly served, as he only found them on the basement hallway floor and did not receive them in the mail. Petitioner opposes the motion in all respects, though its managing agent, Ashraf Palwala, acknowledges in an affirmation that respondent occupied the "left side of the apartment basement." Petitioner's cross-motion seeks to amend the pleadings to reflect this description in the pleadings.
RPAPL § 741(3) requires that every petition shall "describe the premises from which removal is sought." Failure to properly describe the premises, in the absence of amendment, will result in dismissal of the petition (see e.g. Clarke v. Wallace Oil Co., 284 AD2d 492, 493 [2d Dept 2001]; US Airways, Inc. v Everything Yogurt Brands, Inc., 18 Misc 3d 136[A], 2008 NY Slip Op 50279[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; City of New York v. Mortel, 161 Misc 2d 681, 682 [App Term, 2d Dept, 2d & 11th Jud Dists 1994]; but cf. Najjar v. Cooper, 35 Misc 3d 129[A], 2012 NY Slip Op 50629[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012 [Allowing amendment of misdescription]; 191 Chrystie, LLC v. Sonnier, 21 Misc 3d 144[A]; [*3]2008 NY Slip Op 52513[U], *1 [App Term, 1st Dept 2008]). To satisfy the description requirement, "the petition must accurately describe the exact location of the premises in sufficient detail to allow a marshal executing a warrant to locate the premises in issue and effect an eviction without additional information." Sixth St. Community Ctr., Inc. v. Episcopal Social Servs., 19 Misc 3d 1143[A], 2008 NY Slip Op 51151[U], *2 [Civ Ct, NY County 2008] [Singh, J.].
Here, there is no dispute at this juncture that the description of the subject premises was incomplete and/or inaccurate. Petitioner concedes that there are two basement apartments in the subject building, one occupied by respondent and one occupied by the current superintendent. Thus, the petition's description of the premises as "Apartment Basement" is unduly vague and would necessarily require a marshal to procure additional information to carry out an eviction. While the misdescription may be subject to amendment, the fact remains that both respondent and the court were relying on errant, incomplete information about the nature of the premises when the case settled. Moreover, the judgment that was signed after the the stipulation of settlement was executed contains a description of the premises that petitioner now admits was incomplete (and would necessarily require a marshal to acquire further information to perform an eviction). Therefore, the court finds that the misdescription took the case "out of the due and ordinary course" such that respondent improvidently and inadvisably settled the case when the petition (which notably was not amended in the stipulation) unequivocally contained a defect that would have warranted dismissal at the time of settlement (see Matter of Frutiger, 29 NY2d at 150; RCS Recovery Servs., LLC v. Mensah, 166 AD3d 823, 825 [2d Dept 2018] ["'Under almost any given state of facts, where to enforce a stipulation would be unjust or inequitable or permit the other party to gain an unconscionable advantage, courts will afford relief.'" ] [quoting Goldstein v. Goldsmith, 243 AD 268, 272 [2d Dept 1935]; Everything Yogurt Brands, Inc., 2008 NY Slip Op 50279[U], *2). Thus, the court grants respondent's request to vacate the October 6, 2023 stipulation of settlement; the stipulation of settlement and the judgment and warrant issued in conjunction therewith are hereby vacated.
Respondent also seeks dismissal of the proceeding on the bases of the misdescription of the premises in the petition and lack of personal jurisdiction. The court will first consider the challenge to personal jurisdiction, since this issue is threshold (see Elm Mgt. Corp. v. Sprung, 33 AD3d 753, 755 [2d Dept 2006]).[FN1]
Respondent states in his affidavit that he only found the notice of petition and petition on the basement hallway floor and did not receive them in the mail. While petitioner would normally have a presumption of proper service upon the showing of a valid affidavit of service (see Deutsche Bank Natl. Trust Co. v. Quinones, 114 AD3d 719 [2d Dept 2014]; Tzifil Realty Corp. v. Temammee, 46 Misc 3d 144[A], 2015 NY Slip Op 50196[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), the presumption does not attach where the affidavit of service contains erroneous or defective information (see Jampolskaya v. Ilona Genis, MD, P.C., 205 AD3d 785, 787 [2d Dept 2022] ["An 'erroneous address' contained in an affidavit of service affects a defendant's substantial right to notice of the proceeding against him or her[.]"]; see also HSBC Bank U.S.A. v. Rini, 218 AD3d 664, 666-667 [2d Dept 2023]). 
The affidavit of service for the notice of petition and petition contains the following statement: "Deponent was unable to serve [respondents] tenants(s)/occupant(s) by personal delivery at 88-23 179th Street, Apt Basement, Jamaica, NY 11432, which is the only Apt Basement at said address, which are the premises sought to be recovered." [Emphasis added]. By petitioner's agent's own admission in opposing respondent's motion, it has come to light that there are two basement apartments. Thus, the affidavit of service contains a misstatement as to the nature of the subject premises and a traverse hearing is warranted upon respondent's nonconclusory challenge to service of the notice of petition and petition (see Jampolskaya, 205 AD3d at 786; Temammee, 2015 NY Slip Op 50196[U], *2). 
Accordingly, the court will set the matter down for a traverse hearing on service of the notice of petition and petition. The court will hold in abeyance the balance of respondent's motion seeking dismissal and petitioner's cross-motion to amend pending the outcome of the traverse hearing. If traverse is sustained, the proceeding will be dismissed for lack of personal jurisdiction (Temammee, 2015 NY Slip Op 50196[U], *2). If traverse is overruled, the court will render a determination on the balance of respondent's motion and the cross-motion to amend.
The traverse hearing will be scheduled on June 24, 2024 at 2:15 PM, Part B, Room 403. 
CONCLUSION
For the foregoing reasons, respondent's order to show cause is granted to the extent of: (1) vacating the October 6, 2023 stipulation of settlement and the judgment and warrant; and (2) setting the matter down for a traverse hearing on the service of the notice of petition and petition. The balance of respondent's order to show cause and petitioner's cross-motion are held in abeyance pending the outcome of the traverse hearing. This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: May 23, 2024
Queens, New York
HON. CLINTON J. GUTHRIE, J.H.C

Footnotes

Footnote 1:The court does not find that respondent has waived a defense to personal jurisdiction by executing a stipulation that has now been vacated. Respondent has not answered or filed any prior motion to dismiss (see CPLR § 3211(e)).