**Estate of Ortiz v Archcare at Terence Cardinal Cooke Health Care Ctr.**

2025 NY Slip Op 32270(U)

June 26, 2025

Supreme Court, New York County

Docket Number: Index No. 159434/2022

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    __HON. JOHN J. KELLEY__      PART        56M

*Justice*

-------------------------------------------------------------------------------X

THE ESTATE OF JUAN ORTIZ, by his Administrator, YOLANDA ORTIZ.

                Plaintiff,

              - v -

ARCHCARE AT TERENCE CARDINAL COOKE HEALTH CARE CENTER, ABC CORPORATION, and ABC PARTNERSHIP,

                Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159434/2022 |
| MOTION DATE | 04/25/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100.

were read on this motion to/for                  DISMISS                .

In this action to recover damages, inter alia, pursuant to Public Health Law §§ 2801-d and 2803-c for purported violations of statutes and regulations governing nursing homes, and for medical malpractice, wrongful death, and loss of enjoyment of life, the defendant Archcare at Terence Cardinal Cooke Health Care Center (Archcare) moves pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the grounds that the complaint fails to state a cause of action (CPLR 3211[a][7]) and for lack of subject matter jurisdiction (CPLR 3211[a][2]). The plaintiff, The Estate of Juan Ortiz, by his administrator, Yolanda Ortiz, opposes the motion. The motion is granted, and the complaint is dismissed insofar as asserted against Archcare, since the complaint fails to state a cause of action against it by virtue of the immunity from civil liability conferred upon it by the Emergency or Disaster Treatment Protection Act (Public Health Law former §§ 3080-3082; hereinafter EDTPA).

The decedent, Juan Ortiz, was a resident of Archcare from October 25, 2018, until his

---

**159434/2022   THE ESTATE OF JUAN ORTIZ, by his Administrator, YOLANDA ORTIZ vs.**       **Page 1 of 11**
**ARCHCARE at Terence Cardinal Cooke Health Care Center et al.**
**Motion No. 001**

[* 1]

death on April 2, 2020. In the complaint, which was filed on November 2, 2022, the plaintiff alleged that Archcare became aware of the COVID-19 pandemic as early as January 2020, and failed to provide the decedent with adequate and appropriate care throughout the early months of the pandemic. The plaintiff alleged that her decedent contracted COVID-19 while under Archcare's supervision, and that Archcare failed to implement appropriate infection control procedures to prevent the spread of the virus. These alleged failures included a lack of adequate personal protective equipment (PPE), improper grouping of residents, failure to isolate infected individuals, poor sanitation practices, and inadequate health screenings for staff and visitors. The plaintiff further contended that, as a result of these alleged deficiencies, her decedent suffered injuries, pain and suffering, and ultimately death, all of which she attributed to the facility's mishandling of the COVID-19 crisis.

In its motion, Archcare argued that the complaint should be dismissed in its entirety pursuant to EDTPA and Executive Order 202.10, both of which, according to Archcare, conferred immunity upon it from civil liability for actions that it took in good faith in response to the COVID-19 emergency. Archcare further contended that the federal Public Readiness and Emergency Preparedness Act (Pub. L. 109-148, as amended, Pub. L. 116-127, 42 USC § 247d-6d; hereinafter the PREP Act) preempts state law claims and provides an additional layer of immunity for acts involving "covered countermeasures" employed in the prevention or mitigation of COVID-19. In opposition, the plaintiff argued that EDTPA may not be invoked because it has since been repealed, and that any immunity conferred by that statute was not intended to apply retroactively. The plaintiff also asserted that the care that Archcare provided was not altered by the onset of the COVID-19 emergency and was, instead, a continuation of substandard treatment predating the pandemic. With respect to the PREP Act, the plaintiff contended that the claims asserted do not involve the use or administration of any "covered countermeasures." Finally, the plaintiff maintained that even if some form of immunity applied, the complaint

**159434/2022   THE ESTATE OF JUAN ORTIZ, by his Administrator, YOLANDA ORTIZ vs.**           **Page 2 of 11**
**ARCHCARE at Terence Cardinal Cooke Health Care Center et al.**
**Motion No.  001**

2 of 11

sufficiently alleged claims sounding in gross negligence and recklessness, which fall outside the scope of both state and federal statutory immunities.

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]). To determine whether a claim adequately states a cause of action, the court must "liberally construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference" (*id*. at 152; *see Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 884 [2013]; *Simkin v Blank*, 19 NY3d 46, 52 [2012]), and determine only whether the facts, as alleged, fit within any cognizable legal theory (*see Taxi Tours, Inc. v Go New York Tours, Inc.*, 41 NY3d 991, 993 [2024]; *Hurrell-Harring v State of New York*, 15 NY3d 8, 20 [2010]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc*., 10 AD3d 267, 270-271 [1st Dept 2004]; CPLR 3026). "The motion must be denied if from the pleading's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co*., 98 NY2d at 152 [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d at 87-88; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Where, however, the court considers evidentiary material beyond the complaint, as it does here, the criterion becomes "whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*id.*), but dismissal will not eventuate unless it is "shown that a material fact as claimed by the pleader to be one is not a fact at all" and that "no significant dispute exists regarding it" (*id.*). Nonetheless, "conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]).

Initially, the court has subject matter jurisdiction over the claims asserted in this action.

Subject matter jurisdiction

**159434/2022   THE ESTATE OF JUAN ORTIZ, by his Administrator, YOLANDA ORTIZ vs.**          **Page 3 of 11**
**ARCHCARE at Terence Cardinal Cooke Health Care Center et al.**
**Motion No.  001**

3 of 11

"refers to the power of the court to hear the kind of case that is presently before it for adjudication (*Matter of Newham v Chile Exploration Co*., 232 NY 37; *Matter of Rougeron*, 17 NY2d 264; *Thrasher v United States Liab. Ins. Co*., 19 NY2d 159; *Hunt v Hunt*, 72 NY 217). Whether a court has subject matter jurisdiction is determined by the Constitution, statutes and (occasionally) the rules which confer jurisdiction. (Siegel, *Practice Commentaries*, McKinney's Cons Laws of NY, Book 7B, CPLR 3211, C3211:11, at 17), and not by the particular facts of any case. (*Hunt v Hunt, supra*.) The question to be resolved is whether the court has jurisdiction over the 'type' of case, not whether it has jurisdiction over 'this particular' case. (*1890 Realty Co. v Ford*, 121 Misc 2d 834; Treiman, *Subject Matter Jurisdiction in Summary Proceedings*, NYLJ, Mar. 2, 1990, at 1, col 1; *Hunt v Hunt, supra*.)"

(*New York County Dist. Attorney's Office v Oquendo*, 147 Misc 2d 125, 127-128 [Civ Ct, N.Y. County 1990]). Thus, subject matter jurisdiction

"'refers to objections that are 'fundamental to the power of adjudication of a court.' 'Lack of jurisdiction' should not be used to mean merely 'that elements of a cause of action are absent,' but that the matter before the court was not the kind of matter on which the court had power to rule"

(*Manhattan Telecom. Corp. v H & A Locksmith, Inc*., 21 NY3d 200, 203 [2013], quoting *Lacks v Lacks*, 41 NY2d 71, 74 [1976]; *see Garcia v Government Emps. Ins. Co.*, 130 AD3d 870, 871 [2d Dept 2015]). "Subject matter jurisdiction is a 'power to adjudge concerning the general question involved' in litigation, and 'is not dependent upon the state of facts which may appear in a particular case'" (*Henry v New Jersey Tr. Corp*., 39 NY3d 361, 371 [2023], quoting *Hunt v Hunt*, 72 NY 217, 229 [1878]). Pursuant to NY Constitution, art VI, § 7(a), "[t]he supreme court shall have general original jurisdiction in law and equity." Crucially, immunity from suit is a waivable defense and, hence, cannot be the basis for the invocation of lack of subject matter jurisdiction (*Henry v New Jersey Tr. Corp*., 39 NY3d at 369-372; *Gillis v Carmel Richmond Nursing Home, Inc.*, 83 Misc3d 1256[A], 2024 NY Slip Op 50984[U], *5, 2024 NY Misc LEXIS 3283, *13 [Sup Ct, Richmond County, Jul. 29, 2024]; *cf. Hernandez v 2075-2081 Wallace Ave. Owners Corp*., 176 AD3d 467, 467 [1st Dept 2019] [lack of subject matter jurisdiction is not implicated where a complaint fails to state a cause of action because a claim is barred by an exclusive administrative remedy]). This court thus has subject matter jurisdiction over the instant medical malpractice action.

159434/2022   THE ESTATE OF JUAN ORTIZ, by his Administrator, YOLANDA ORTIZ vs.          Page 4 of 11
ARCHCARE at Terence Cardinal Cooke Health Care Center et al.
Motion No.  001

4 of 11

Nonetheless, the complaint fails to state a cause of action, inasmuch as, under the circumstances of this case, EDTPA confers immunity upon Archcare for acts and omissions attributable to it during the limited statutory period of immunity, that is, from March 7, 2020 through April 6, 2021.

In March 2020, then-Governor Andrew Cuomo signed Executive Order No. 202 (9 NYCRR 8.202), declaring a disaster emergency in New York state, and Executive Order No. 202.10 (9 NYCRR 8.202.10), conferring, upon healthcare workers and facilities, immunity from civil liability for any injury or death alleged to have been sustained directly as a result of the provision of medical services in support of New York's response to the COVID-19 pandemic, except where such injury or death was caused by gross negligence or recklessness. On April 3, 2020, the Legislature passed EDTPA, granting any healthcare facility or healthcare professional immunity from civil or criminal liability related to the care of patients with COVID-19, provided that:

> "the health care facility or health care professional is arranging for or providing health care services pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; the act or omission occurs in the course of arranging for or providing health care services and the treatment of the individual is impacted by the health care facility's or health care professional's decisions or activities in response to or as a result of the COVID-19 outbreak and in support of the state's directives; and the health care facility or health care professional is arranging for or providing health care services in good faith"

(Public Health Law former § 3082[2]). The immunity did not apply where an act or omission constituted willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm (*id*.). EDTPA was made effective retroactive to March 7, 2020, making it applicable to acts or omissions that occurred on or after that date. On April 6, 2021, the legislature repealed the EDTPA, with the repeal to take effect immediately.

Separately, on March 17, 2020, the Secretary of the United States Department of Health and Human Services invoked the PREP Act, which provided immunity from liability to "covered persons" for loss caused by or relating to the administration or use of "covered

**159434/2022   THE ESTATE OF JUAN ORTIZ, by his Administrator, YOLANDA ORTIZ vs.**          Page 5 of 11
**ARCHCARE at Terence Cardinal Cooke Health Care Center et al.**
**Motion No.  001**

[* 5]

5 of 11

countermeasures" during a public health emergency (42 USC § 247d-6d[a][1]). "Covered countermeasures" include any drug, device, or product used to treat, diagnose, prevent, or mitigate COVID-19, such as PPE, vaccines, and diagnostic tests, when such items have been authorized by the United States Food and Drug Administration (*see Escobar v Mercy Med. Ctr.*, 83 Misc 3d 1213[A], 2024 NY Slip Op 50704[U] [Sup Ct, Nassau County, Jun. 11, 2024]). The sole exception to PREP Act immunity applies in cases involving death or serious physical injury proximately caused by willful misconduct (*see* 42 USC §§ 247d-6d[d][1], [2]).

With respect to the issue of whether the repeal of the EDTPA was retroactive, thereby negating statutory immunity for acts or omissions that occurred between March 7, 2020, and April 6, 2021, the courts have consistently determined that it is not. As the Appellate Division, First Department, held in *Hasan v Terrace Acquisitions II, LLC* (224 AD3d 475, 477 [1st Dept 2024]), the statutory text does not contain retroactivity language, and multiple factors relevant to retroactivity analysis were deemed inapplicable. The Second Department adopted that analysis as well (*see Hyman v Richmond Univ. Med. Ctr.*, _____AD3d_____, 2025 NY Slip Op 03313, *2 [2d Dept, Jun. 4, 2005]; *Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc*., 228 AD3d 618, 619 [2d Dept 2024]). Likewise, in *Whitehead v Pine Haven Operating LLC* (222 AD3d 104, 107 [3d Dept 2023]), the Third Department found that both the text and legislative history of the repeal supported prospective-only application. Similarly, in *Ruth v Elderwood at Amherst* (209 AD3d 1281, 1287 [4th Dept 2022]), the Fourth Department concluded that the legislature's expressions of intent were insufficient to support retroactive repeal. Accordingly, the EDTPA remains applicable to the claims in this case that arose from alleged acts and omissions that occurred during the statute's effective period.

The court thus concludes that, pursuant to EDTPA, Archcare is entitled to immunity from the claims asserted by the plaintiff for the care provided to the decedent between March 7, 2020, and the date of his death on April 2, 2020. With respect to the statutory criteria set forth under EDTPA, the record establishes that Archcare was providing healthcare services to the

**159434/2022   THE ESTATE OF JUAN ORTIZ, by his Administrator, YOLANDA ORTIZ vs.**          **Page 6 of 11**
**ARCHCARE at Terence Cardinal Cooke Health Care Center et al.**
**Motion No.  001**

[* 6]

6 of 11

decedent in good faith during the COVID-19 emergency, and that the treatment that he received was impacted by medical and operational decisions made in response to, or in support of, the State's COVID-19 directives. The court concludes that Archcare's efforts to manage staffing, infection prevention, and the allocation of limited resources, such as PPE and isolation protocols, constituted activities arising from the COVID-19 public health emergency within the meaning of the statute. Notably, EDTPA does not require that the effect of such decisions on a patient's care be favorable, nor that a patient suffer a distinct or individualized consequence, nor does it assign weight to any particular aspect of the treatment affected. Rather, the statute confers immunity so long as the healthcare facility's conduct falls within the operational scope of pandemic response (*see Holder v Jacob*, 231 AD3d 73, 85 [1st Dept 2024]).

In showing that its treatment of the decedent was impacted by COVID-19 and the healthcare determinations and activities made in response thereto, Archcare submitted a comprehensive evidentiary record, including certified copies of the decedent's medical records, facility-specific infection control protocols, and the affirmation of Marie Rosenthal, RN, MSN, LNHA, DNP. Rosenthal's affirmation described in detail how the pandemic materially altered care delivery at Archcare during the relevant period, including staffing shortages, PPE scarcity, and the implementation of emergency directives. Archcare further submitted state and federal public health directives, including advisories from the New York State Department of Health (NYS DOH), the federal Centers for Disease Control and Prevention (CDC), and the World Health Organization (WHO), all of which were followed in the provision of care. These materials, which also included supporting case law such as *Hasan v Terrace Acquisitions II, LLC*, cited above, and *Whitehead v Pine Haven Operating, LLC* (222 AD3d 104, 110 [3d Dept 2023]), *Martinez v New York City Health & Hosps. Corp.* (223 AD3d 731, 732 [2d Dept 2024]), and *Mera v New York City Health & Hosps. Corp.* (220 AD3d 668, 670 [2d Dept 2023]), demonstrated that Archcare's actions were taken in good faith in response to an evolving public health emergency. Collectively, these submissions established the very type of entitlement to

**159434/2022  THE ESTATE OF JUAN ORTIZ, by his Administrator, YOLANDA ORTIZ vs.**          Page 7 of 11
**ARCHCARE at Terence Cardinal Cooke Health Care Center et al.**
**Motion No.  001**

[* 7]                                                  7 of 11

immunity that the EDTPA was enacted to provide (*see Hasan v Terrace Acquisitions II, LLC*, 224 AD3d at 477; *Whitehead v Pine Haven Operating, LLC*, 222 AD3d at 110; *Martinez v NYC Health & Hosps. Corp.*, 223 AD3d at 732; *Mera v New York City Health & Hosps. Corp.*, 220 AD3d at 670; *see also Holder v Jacob*, 231 AD3d at 88 ["where, as here, the CPLR 3211(a)(7) motion is predicated on what is asserted to be a complete defense, and that motion is supported by evidence, the evidence of the defense must be conclusive"]; *but cf. Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc.*, 228 AD3d at 619 [holding that defendant failed to establish that is satisfied EDTPA's statutory prerequisites for immunity]).

In opposition, the plaintiff submitted various publicly available reports and legal authorities, including an NYS DOH count of COVID-related nursing home deaths, federal Center for Medicare and Medicaid Services' advisories, and federal emergency preparedness guidelines, a 2022 NYS DOH report on infection control data, state inspection and citation details regarding Terence Cardinal Cooke Health Care Center, and ProPublica nursing home data. The plaintiff also submitted numerous court decisions involving other facilities. None of these submissions, however, directly addressed or refuted Archcare's allegations concerning the specific medical care that was provided to the decedent at Archcare during the relevant period beginning on March 7, 2020, and terminating upon his death on April 2, 2020. Moreover, none of the plaintiff's exhibits included affidavits, expert reports, or documentary evidence particular to Archcare's staffing, PPE availability, or infection control measures, as applied to the decedent's treatment. In contrast, Archcare submitted detailed documentation, including medical records, public health directives, and Rosenthal's affirmation, in which she attested that the facility implemented state-mandated COVID-19 protocols, augmented staffing in response to pandemic-related shortages, and administered appropriate care to the decedent. The plaintiff has not presented any material factual dispute undermining the applicability of EDTPA immunity in this case. Consequently, the court finds that the plaintiff's opposition failed to raise a factual dispute as to Archcare's entitlement to immunity under the EDTPA for care rendered during the

**159434/2022   THE ESTATE OF JUAN ORTIZ, by his Administrator, YOLANDA ORTIZ vs.**          **Page 8 of 11**
**ARCHCARE at Terence Cardinal Cooke Health Care Center et al.**
**Motion No. 001**

[* 8]

statutory period.  Although the plaintiff asserted that Archcare had preexisting, pre-pandemic compliance issues and staffing concerns, these allegations do not meet the high bar required to overcome EDTPA immunity.  In fact, the first case of COVID-19 in New York was first reported on March 1, 2020.  Accordingly, the court finds that the plaintiff's allegations that Archcare should have or could have been prepared for the pandemic, before anyone knew of its severity and virulence, lacked sufficient factual support, and failed to defeat the statutory immunity provided under the EDTPA.

The plaintiff also argued that her claims sounding in gross negligence and recklessness were not subject to statutory immunity.  The decedent's medical records, the facility's COVID-19 infection control policies, and Rosenthal's affirmation dispelled such claims (see *Hasan v Terrace Acquisitions II, LLC*, 224 AD3d at 479) and, hence, with respect to the allegations of gross negligence, a fact alleged to be a fact by the plaintiff is not a fact at all.  Additionally, the plaintiff's allegation that Archcare had been cited for "improper infection control violations" since at least 2019 does not sufficiently support a gross negligence claim (see *id.*).  In any event, allegations purporting to support a gross negligence claim that are devoid of factual specificity and replete with legal conclusions cannot survive dismissal (see *Lociero v Park Avenue Operating, LLC* [Sup Ct, Nassau County, Index No. 615904/2022, Sep. 26, 2023], citing *Godfrey v Spano*, 13 NY3d at 373).  Thus, the gross negligence exception is not applicable, and Archcare is entitled to immunity under EDTPA.

In light of the court's determination with respect to EDTPA immunity, it need not address Archcare's contention that it also was conferred immunity from suit by virtue of the federal PREP Act.  Were the court to address that issue, it would be constrained to conclude that it is not entitled to PREP Act immunity.  In a state court action, when addressing an immunity defense pursuant to the PREP Act, the court first must determine whether the plaintiff's claims fall within the act's immunity provision (see 42 USCS § 247d-6d[a][1]; *Thomas v Highland Care Ctr.*, 2024 NYLJ LEXIS 3209 [Sup Ct, Queens County, Sep. 27, 2024]).  The PREP Act is

**159434/2022   THE ESTATE OF JUAN ORTIZ, by his Administrator, YOLANDA ORTIZ vs.**          **Page 9 of 11**
**ARCHCARE at Terence Cardinal Cooke Health Care Center et al.**
**Motion No.  001**

9 of 11

triggered only where there are allegations that the defendant administered countermeasures improperly, thus causing injury (*see Whitehead v Pine Haven Operating LLC*, 2022 NY Slip Op 34685[U], *5, 2022 NY Misc LEXIS 35761, *5 [Sup Ct, Columbia County, Nov. 29, 2022], *affd* 222 AD3d 104 [3d Dept 2023], citing *Parker v St. Lawrence County Pub. Health Dept.*, 102 AD3d 140, 141-142 [3d Dept 2012]).  In this instance, the plaintiff's claims pertain only to Archcare's failures to act, and such allegations do not amount to the administration of countermeasures (*see id.*; *see also Adler v Troy*, 2023 NY Slip Op 33804[U], *8, 2023 NY Misc LEXIS 11547, *11-12 [Sup Ct, N.Y. County, Oct. 18, 2023], citing *Dupervil v Alliance Health Operations, LLC*, 516 F Supp 3d 238, 255 [ED NY 2021]). Thus, Archcare is not entitled to immunity under the PREP Act.  This conclusion, however, does not affect the immunity conferred upon it by EDTPA.

With respect to the defendants denominated as ABC Corporation and ABC Partnership, the plaintiff made no showing that she made any efforts to identify these fictitious defendants. Since they were never identified, the plaintiff is precluded from relying on CPLR 1024 to maintain this action against those parties (*see generally Fountain v Ocean View II Assocs., L.P.,* 266 AD2d 339 [2d Dept 1999]), and the complaint must be dismissed as against them.  Since the complaint is being dismissed insofar as asserted against all of the defendants, the action must now be marked disposed.

This court has considered the parties' remaining contentions and finds them unavailing.

Accordingly, it is,

ORDERED that the motion of the defendant Archcare at Terence Cardinal Cooke Health Care Center to dismiss the complaint insofar as asserted against it is granted, and the complaint is dismissed insofar as asserted against it; and it is further,

ORDERED that, on the court's own motion, the action is severed against the defendant Archcare at Terence Cardinal Cooke Health Care Center; and it is further,

**159434/2022   THE ESTATE OF JUAN ORTIZ, by his Administrator, YOLANDA ORTIZ vs.**                **Page 10 of 11**
**ARCHCARE at Terence Cardinal Cooke Health Care Center et al.**
**Motion No.  001**

[* 10]                                                10 of 11

ORDERED that the Clerk of the court shall enter judgment dismissing the complaint insofar as asserted against the defendant Archcare at Terence Cardinal Cooke Health Care Center; and it is further,

ORDERED that, on the court's own motion, the complaint is dismissed insofar as asserted against the defendants ABC Corporation and ABC Partnership.

This constitutes the Decision and Order of the Court.

__6/26/2025__
DATE

_____
JOHN J. KELLEY, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

159434/2022   THE ESTATE OF JUAN ORTIZ, by his Administrator, YOLANDA ORTIZ vs.
ARCHCARE at Terence Cardinal Cooke Health Care Center et al.
Motion No.  001

Page 11 of 11

11 of 11