**Grimaldi v Mary Manning Walsh Nursing Home Co., Inc.**

2025 NY Slip Op 32908(U)

August 18, 2025

Supreme Court, New York County

Docket Number: Index No. 152749/2022

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. JOHN J. KELLEY** | **PART** 56M |
| | *Justice* | |

-------------------------------------------------------------------------------X

PATRICIA GRIMALDI, as Administratrix of the Estate of
JAMES GRIMALDI, Deceased,

Plaintiff,

- v -

MARY MANNING WALSH NURSING HOME COMPANY,
INC.,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152749/2022 |
| **MOTION DATE** | 07/31/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114

were read on this motion to/for _____DISMISS_____.

In this action to recover damages pursuant to Public Health Law §§ 2801-d and 2803-c

for purported violations of statutes and regulations governing nursing homes, and for medical

malpractice and wrongful death, the defendant Mary Manning Walsh Nursing Home Company,

Inc. (MMWNHC), moves pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted

against it for lack of subject matter jurisdiction (CPLR 3211[a][2]) and for failure to state a cause

of action (CPLR 3211[a][7]). The plaintiff opposes the motion. The motion is granted only to the

extent that claims asserting acts or omissions relating to the diagnosis, care, or treatment of

COVID-19, including those occurring on or before March 7, 2020, including those acts that were

affected by the COVID-19 pandemic are dismissed, inasmuch as the complaint fails to state a

cause of action against MMWNHC by virtue of the immunity from civil liability conferred upon it

by the Emergency or Disaster Treatment Protection Act (Public Health Law former §§ 3080-

3082; hereinafter EDTPA). The motion is otherwise denied, however, as to the allegations

arising from the care the decedent received at MMWNHC in connection with non-COVID-related

152749/2022   PATRICIA GRIMALDI, AS ADMINISTRATRIX OF THE ESTATE OF JAMES
GRIMALDI, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC.
Motion No.  001

Page 1 of 10

1 of 10

medical issues prior to the effective date of EDTPA, specifically, the lack of adequate turning, repositioning, grooming, and bathing, since the court concludes that the plaintiff has sufficiently alleged causes of action that fall outside the scope of EDTPA immunity.

The plaintiff, Patricia Grimaldi, is the administratrix of the estate of Roy James Grimaldi, who was a resident of MMWNHC from approximately March 31, 2019 until his death on April 11, 2020. In her amended complaint, which she filed on December 9, 2024, the plaintiff alleged that MMWNHC first became aware of the growing COVID-19 pandemic in or around January 2020, and that MMWNHC's pre- and mid-pandemic actions failed to provide Grimaldi with the appropriate care or with customary nursing and rehabilitation services during his time there. The plaintiff further alleged that Grimaldi contracted COVID-19 while at MMWNHC, and that the facility failed to take the proper precautions to prevent and control the spread of infections, such as having sufficient or proper personal protective equipment (PPE) available, proper staffing levels, and proper infectious disease policies and procedures. The plaintiff alleged that Grimaldi also suffered from a loss of dignity and enjoyment of life from COVID-19 as a result of MMWNHC's failures. The plaintiff also alleged that, while at MMWNHC, Grimaldi was not frequently or adequately turned and repositioned and was not provided with adequate grooming, bathing, and toileting needs, which resulted in Grimaldi remaining in his own urine and fecal matter and being confined to his bed for extended periods of time.

In its motion, MMWNHC argued that the complaint should be dismissed, since EDTPA conferred immunity upon it from civil actions such as the plaintiff's action here, while the federal Public Readiness and Emergency Preparedness Act (Pub L 109-48, 42 USC § 247d-6d, *et seq*, eff. Dec. 30, 2005; hereinafter the PREP Act) provided broad, federal immunity, and the claims here related both to healthcare services provided in response to the COVID-19 pandemic and to "covered countermeasures" employed in the diagnosis or treatment of COVID-19. In opposition, the plaintiff argued that the EDTPA may not be invoked by the defendant since the act has since been repealed. In addition, the plaintiff claimed that the PREP Act is not applicable to this

**152749/2022 PATRICIA GRIMALDI, AS ADMINISTRATRIX OF THE ESTATE OF JAMES GRIMALDI, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC. Motion No. 001**

**Page 2 of 10**

[* 2]

2 of 10

case. Finally, the plaintiff argued that her claims alleging gross negligence and recklessness are not subject to statutory immunity.

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]). To determine whether a claim adequately states a cause of action, the court must "liberally construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference" (*id*. at 152; *see Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 884 [2013]; *Simkin v Blank*, 19 NY3d 46, 52 [2012]), and determine only whether the facts, as alleged, fit within any cognizable legal theory (*see Taxi Tours, Inc. v Go New York Tours, Inc.*, 41 NY3d 991, 993 [2024]; *Hurrell-Harring v State of New York*, 15 NY3d 8, 20 [2010]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc*., 10 AD3d 267, 270-271 [1st Dept 2004]; CPLR 3026). "The motion must be denied if from the pleading's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co*., 98 NY2d at 152 [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d at 87-88; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Where, however, the court considers evidentiary material beyond the complaint, as it does here, the criterion becomes "whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d at 275), but dismissal will not eventuate unless it is "shown that a material fact as claimed by the pleader to be one is not a fact at all" and that "no significant dispute exists regarding it" (*id*.). Nonetheless, "conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]).

Initially, the court has subject matter jurisdiction over the claims asserted in this action.

Subject matter jurisdiction

**152749/2022   PATRICIA GRIMALDI, AS ADMINISTRATRIX OF THE ESTATE OF JAMES GRIMALDI, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC. Motion No.  001**

[* 3]

"refers to the power of the court to hear the kind of case that is presently before it for adjudication (*Matter of Newham v Chile Exploration Co*., 232 NY 37; *Matter of Rougeron*, 17 NY2d 264; *Thrasher v United States Liab. Ins. Co*., 19 NY2d 159; *Hunt v Hunt*, 72 NY 217). Whether a court has subject matter jurisdiction is determined by the Constitution, statutes and (occasionally) the rules which confer jurisdiction. (Siegel, *Practice Commentaries*, McKinney's Cons Laws of NY, Book 7B, CPLR 3211, C3211:11, at 17), and not by the particular facts of any case. (*Hunt v Hunt*, *supra*.) The question to be resolved is whether the court has jurisdiction over the 'type' of case, not whether it has jurisdiction over 'this particular' case. (*1890 Realty Co. v Ford*, 121 Misc 2d 834; Treiman, *Subject Matter Jurisdiction in Summary Proceedings*, NYLJ, Mar. 2, 1990, at 1, col 1; *Hunt v Hunt*, *supra*.)"

(*New York County Dist. Attorney's Office v Oquendo*, 147 Misc 2d 125, 127-128 [Civ Ct, N.Y. County 1990]). Thus, subject matter jurisdiction

"'refers to objections that are 'fundamental to the power of adjudication of a court.' 'Lack of jurisdiction' should not be used to mean merely 'that elements of a cause of action are absent,' but that the matter before the court was not the kind of matter on which the court had power to rule"

(*Manhattan Telecom. Corp. v H & A Locksmith, Inc*., 21 NY3d 200, 203 [2013], quoting *Lacks v Lacks*, 41 NY2d 71, 74 [1976]; *see Garcia v Government Emps. Ins. Co*., 130 AD3d 870, 871 [2d Dept 2015]). "Subject matter jurisdiction is a 'power to adjudge concerning the general question involved' in litigation, and 'is not dependent upon the state of facts which may appear in a particular case'" (*Henry v New Jersey Tr. Corp*., 39 NY3d 361, 371 [2023], quoting *Hunt v Hunt*, 72 NY 217, 229 [1878]). Pursuant to NY Constitution, art VI, § 7(a), "[t]he supreme court shall have general original jurisdiction in law and equity." Crucially, immunity from suit is a waivable defense and, hence, cannot be the basis for the invocation of lack of subject matter jurisdiction (*Henry v New Jersey Tr. Corp*., 39 NY3d at 369-372; *Gillis v Carmel Richmond Nursing Home, Inc.*, 83 Misc 3d 1256[A], 2024 NY Slip Op 50984[U], *5, 2024 NY Misc LEXIS 3283, *13 [Sup Ct, Richmond County, Jul. 29, 2024]). This court thus has subject matter jurisdiction over the instant medical malpractice action.

Nonetheless, so much of the complaint as alleged that MMWNHC did not take appropriate steps to prevent the decedent from contracting COVID-19, or to treat him when he

**152749/2022 PATRICIA GRIMALDI, AS ADMINISTRATRIX OF THE ESTATE OF JAMES GRIMALDI, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC. Motion No. 001**

**Page 4 of 10**

[* 4]

4 of 10

did, fails to state a cause of action, inasmuch as, under the circumstances of this case, EDTPA confers immunity upon MMWNHC.

On April 3, 2020, the Legislature passed EDTPA, granting certain healthcare facilities or healthcare professionals immunity from civil or criminal liability related to the care of patients with COVID-19, provided that:

> "the health care facility or health care professional is arranging for or providing health care services pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; the act or omission occurs in the course of arranging for or providing health care services and the treatment of the individual is impacted by the health care facility's or health care professional's decisions or activities in response to or as a result of the COVID-19 outbreak and in support of the state's directives; and the health care facility or health care professional is arranging for or providing health care services in good faith"

(Public Health Law former § 3082[2]).  The immunity did not apply where an act or omission constituted willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm (*id*.).  EDTPA was effective retroactive to March 7, 2020, making it applicable to acts or omissions that occurred on or after that date.  On April 6, 2021, the legislature repealed EDTPA, with the repeal to take effect immediately.

Separately, on March 17, 2020, in response to the pandemic, the Secretary of the United States Department of Health and Human Services issued a declaration invoking and implementing the PREP Act (*see* Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 FR 15198-01, Mar. 17, 2020), pursuant to which Congress had provided immunity from liability to covered persons for loss caused by or relating to the administration or use of a "covered countermeasure" in times of a public health emergency (*see* 42 USC § 247d-6d[a][1]).  "Covered countermeasures" included any drug or device used to treat, diagnose, or mitigate the spread of COVID-19, as well as PPE and COVID-19 tests, that had been approved by United States Food and Drug Administration (FDA), as well as common medical devices such as thermometers and ventilators (*see Escobar v Mercy Med. Ctr.*, 83 Misc 3d 1213[A], 2024 NY Slip Op 50704[U], *2-3, 2024 NY Misc LEXIS

**152749/2022   PATRICIA GRIMALDI, AS ADMINISTRATRIX OF THE ESTATE OF JAMES GRIMALDI, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC. Motion No.  001**

**Page 5 of 10**

5 of 10

2457, *7-8 [Sup Ct, Nassau County, Jun. 11, 2024]). The only exception to PREP Act immunity from liability for engaging in "covered countermeasures" was "for death or serious physical injury proximately caused by willful misconduct" by a covered person, and allowed an action to be instituted by the person who suffered such an injury, or by any representative of such a person (*see* 42 USC §§ 247d-6d[d][1], [2]).

With respect to the issue of whether the repeal of EDTPA was retroactive, thereby negating statutory immunity for acts or omissions that occurred between March 7, 2020, and April 6, 2021, the courts have consistently determined that it is not. As the Appellate Division, First Department, held in *Hasan v Terrace Acquisitions II, LLC* (224 AD3d 475, 477 [1st Dept 2024]), the statutory text does not contain retroactivity language, and multiple factors relevant to retroactivity analysis were deemed inapplicable. The Second Department adopted that analysis as well (*see Hyman v Richmond Univ. Med. Ctr*., 239 AD3d 617, 618 [2d Dept 2025]; *Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc*., 228 AD3d 618, 619 [2d Dept 2024]). Likewise, in *Whitehead v Pine Haven Operating LLC* (222 AD3d 104, 107 [3d Dept 2023]), the Third Department found that both the text and legislative history of the repeal supported prospective-only application. Similarly, in *Ruth v Elderwood at Amherst* (209 AD3d 1281, 1287 [4th Dept 2022]), the Fourth Department concluded that the legislature's expressions of intent were insufficient to support retroactive repeal. Accordingly, the EDTPA remains applicable to the claims in this case that arose from alleged acts and omissions that occurred during the statute's effective period.

This court thus concludes that, pursuant to EDTPA, MMWNHC is entitled to immunity from the claims asserted by the plaintiff here for the care that he received between March 7, 2020 and April 11, 2020. With respect to the criteria required to be considered by EDTPA, it is evident that MMWNHC was arranging for or providing health care to Grimaldi within the meaning of that statute, and was doing so in good faith. The court further concludes that the treatment of Grimaldi indeed was affected or impacted by those of MMWNHC's medical and

**152749/2022   PATRICIA GRIMALDI, AS ADMINISTRATRIX OF THE ESTATE OF JAMES GRIMALDI, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC. Motion No.  001**

**Page 6 of 10**

6 of 10

nursing determinations or activities that had been made in response to, or as result of, the COVID-19 outbreak, and that those determinations and activities had been made in response to, as result of, or in support of the State's COVID-19 directives. The statute does not indicate that the "treatment of the individual" must be impacted one way or another, that is, it does not specify that the treatment be affected positively, negatively, or otherwise, it does not require the patient to have been uniquely impacted as compared to other patients, and it does not identify any particular aspect of, or assign weight to, any aspect of the treatment that must be impacted by such determinations and activities (see Holder v Jacob, 231 AD3d 73, 85 [1st Dept 2024]).

In showing that its treatment of Grimaldi was impacted by COVID-19 and by its determinations and activities addressed thereto, MMWNHC submitted its COVID-19 policies, a copy of Grimaldi's medical records, the affirmation of Helen Verceles, who has been the chief clinical officer of MMWNHC since April 2023 and the chief nursing officer from October 2018 through March 2023, and the affirmation of Taimur Mirza, M.D., who has been the chief medical officer for MMWNHC since 2024, and was an attending physician for Grimaldi. Dr. Mirza detailed the impact that the pandemic had on the care specifically provided to Grimaldi during that time. These submissions established the very entitlement to immunity that the EDTPA was meant to provide (see Hasan v Terrace Acquisitions II, LLC, 224 AD3d at 477; Whitehead v Pine Haven Operating LLC, 222 AD3d at 110; Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732 [2d Dept 2024]; Mera v NY City Health & Hosps. Corp., 220 AD3d 668, 670 [2d Dept 2023]; see also Holder v Jacob, 231 AD3d at 88 ["where, as here, the CPLR 3211(a)(7) motion is predicated on what is asserted to be a complete defense, and that motion is supported by evidence, the evidence of the defense must be conclusive"]; but cf. Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 619 [2d Dept 2024] [finding that the defendant did not establish that the three requirements for immunity were met]).

In opposition, the plaintiff asserted that the defendant failed to establish that Grimaldi's care was specifically impacted by MMWNHC's response to the COVID-19 pandemic, and that

**152749/2022  PATRICIA GRIMALDI, AS ADMINISTRATRIX OF THE ESTATE OF JAMES GRIMALDI, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC. Motion No. 001**

**Page 7 of 10**

7 of 10

[* 7]

the defendant's evidence is deficient and inappropriate for a pre-answer motion. The court finds these contentions unavailing. First, Grimaldi's medical records and Dr. Mirza's affirmation established that Grimaldi's care was specifically impacted by MMWNHC's COVID-19 response. Second, pre-answer dismissal is appropriate when defendants are statutorily immunized from liability, since such immunity forms the basis for a CPLR 3211(a)(7) motion to dismiss the complaint (*see Mera v NY City Health & Hosps. Corp.*, 220 AD3d at 670). Thus, any of the plaintiff's claims arising from MMWNHC's conduct within the period of immunity established by EDPTA are subject to dismissal. The court notes that the first reported case of COVID-19 in New York was documented on March 1, 2020. The court thus concludes that the plaintiff's allegations that MMWNHC should have or could have been prepared for the pandemic, before anyone knew of its severity and virulence, lacked sufficient factual support and failed to defeat the statutory immunity provided under the EDTPA, and that any claims of negligent pre-pandemic preparation are devoid of factual specificity and without merit in the instant case.

The plaintiff further argued that her claims sounding in gross negligence and recklessness were not subject to statutory immunity. The plaintiff's medical records and MMWNHC's COVID-19 policy, along with Verceles's and Mirza's respective affirmations, negated such claims (*see Hasan v Terrace Acquisitions II, LLC*, 224 AD3d at 479) and, hence, with respect to the allegations of gross negligence, a fact alleged to be a fact by the plaintiff is not a fact at all. The allegations purporting to support a gross negligence claim that are devoid of factual specificity and replete with legal conclusions cannot survive dismissal (*see Lociero v Park Avenue Operating, LLC* [Sup Ct, Nassau County, Index No. 615904/2022, Sep. 26, 2023], citing *Godfrey v Spano*, 13 NY3d at 373). Thus, the gross negligence exception is not applicable, and MMWNHC is entitled to immunity under the EDTPA.

In light of the court's determination with respect to EDTPA immunity, it need not address MMWNHC's contention that it also was conferred immunity from suit by virtue of the federal PREP Act. Were the court to address that issue, it would be constrained to conclude that it is

**152749/2022  PATRICIA GRIMALDI, AS ADMINISTRATRIX OF THE ESTATE OF JAMES GRIMALDI, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC. Motion No. 001**

**Page 8 of 10**

[* 8]

not entitled to PREP Act immunity. In a state court action, when addressing an immunity defense pursuant to the PREP Act, the court first must determine whether the plaintiff's claims fall within the act's immunity provision (*see* 42 USCS § 247d-6d[a][1]; *Thomas v Highland Care Ctr.*, 2024 NYLJ LEXIS 3209 [Sup Ct, Queens County, Sep. 27, 2024]). The PREP Act is triggered only where there are allegations that the defendant administered countermeasures improperly, thus causing injury (*see Whitehead v Pine Haven Operating LLC*, 2022 NY Slip Op 34685[U], *5, 2022 NY Misc LEXIS 35761, *5 [Sup Ct, NY County, Nov. 29, 2022], citing *Parker v St. Lawrence County Pub. Health Dept.*, 102 AD3d 140, 141-142 [3d Dept 2012]). In this instance, the plaintiff's claims pertain only to the defendant's *failures* to act, and such allegations do not amount to the administration of countermeasures (*see id.*; *see also Estate of Ortiz v Archcare at Terence Cardinal Cooke Health Care Ctr.,* 2025 NY Slip Op 32270[U], *9-10, 2025 NY Misc LEXIS 5809 *14-15 [Sup Ct, N.Y. County, Jun. 26, 2025] [Kelley, J.]; *Adler v Troy*, 2023 NY Slip Op 33804[U], *8, 2023 NY Misc LEXIS 11547, *11-12 [Sup Ct, N.Y. County, Oct. 18, 2023], citing *Dupervil v Alliance Health Operations, LLC*, 516 F Supp 3d 238, 255 [ED NY 2021]). In other words, "[t]he acts and omissions listed in the complaint are unrelated to the administration, prioritizing, or purposeful allocation of a drug, biological product, or device to an individual within the meaning of the PREP Act" (*Murray v Staten Is. Care Ctr.,* 82 Misc 3d 1220[A], 2024 NY Slip Op 50347[U], *5, 2024 NY Misc LEXIS 1605, *24-25 [Sup Ct, Richmond County, Mar. 22, 2024]).

Nonetheless, as to the allegations arising from certain non-COVID-19-related care that the decedent received prior to the effective date of EDTPA, specifically the lack of adequate turning, repositioning, grooming, and bathing, the court concludes that the plaintiff has sufficiently alleged causes of action that fall outside the scope of EDTPA immunity. While EDTPA immunity applies only to acts or omissions occurring on or after March 7, 2020, and undertaken in response to the pandemic and in accordance with the statute's conditions (*see* Public Health Law former § 3082[2]), the plaintiff's claims regarding negligent, pre-pandemic

**152749/2022   PATRICIA GRIMALDI, AS ADMINISTRATRIX OF THE ESTATE OF JAMES GRIMALDI, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC. Motion No.  001**

**Page 9 of 10**

care of the decedent, and MMWNHC's purported failure to turn, reposition, groom, and bathe the decedent, plausibly alleged acts of ordinary malpractice or neglect occurring outside the COVID-19 emergency framework. Accordingly, that portion of the complaint referring to that type of care, which was provided to the decedent prior to March 7, 2020, that is, between March 31, 2019 and March 6, 2020, or which should have been provided to him during that period of time, survives dismissal at this stage.

This court has considered the plaintiff's remaining contentions and find them unavailing.

Accordingly, it is,

ORDERED that the motion of the defendant Mary Manning Walsh Nursing Home Company, Inc., to dismiss the complaint is granted to the extent of dismissing, pursuant to the immunity conferred by the Emergency or Disaster Treatment Protection Act, all claims arising from acts or omissions relating to the diagnosis, care, or treatment of COVID-19, and all claims arising from the defendant's acts or failures to act between March 7, 2020 and April 6, 2021, those claims are dismissed, and the motion is otherwise denied.

This constitutes the Decision and Order of the court.

_____
**8/18/2025**
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152749/2022  PATRICIA GRIMALDI, AS ADMINISTRATRIX OF THE ESTATE OF JAMES GRIMALDI, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC. Motion No.  001**

**Page 10 of 10**

10 of 10

[* 10]